SOBEY and others vs. THOMAS and another.

ARBITRATION. (1) *Court has not power to compel litigants to submit controversy to.*
APPEAL. (1) *Court can not impose as condition·surrender of right of.*
INJUNCTION. (2) *Dissolution of. Once dissolved, second order dissolving, harmless. Undertaking to stay. When court can not discharge.*

1. A circuit court cannot impose upon parties litigant before it, as a condition of justice, a submission of their cause to arbitration, or a surrender of the right of appeal to this court from a judgment on the award.

2. In an action for damages for a continuing trespass, a temporary injunction was allowed on the ground of defendant's insolvency, but was dissolved upon defendant's giving an undertaking with sureties, to secure the plaintiffs. Afterwards an order was made again dissolving the injunction, in terms, unless plaintiffs would submit controversy to arbitration under ch. 131, R. S., the award to be considered the judgment of the court, and both parties to waive the right of excepting to it, or of appealing from the judgment, except for corruption or partiality of the arbitrators. Subsequently the defendant moved to dissolve the injunction solely on the ground that plaintiffs had avoided a submission of the cause to arbitration; and thereupon the court made an order in terms dissolving the injunction, and also *discharging the undertaking. Held,*

(1) That as the injunction had already been dissolved, so much of the order appealed from as purports again to dissolve it is harmless.

(2) That this court cannot hold the circuit court authorized to release the undertaking on the ground that plaintiffs had no cause of action, defendant not having moved for such release, nor assigned that ground for the motion he did make.

(3) That the failure of plaintiffs to comply with the order imposing arbitration and waiver of the right of appeal as conditions of continuing the injunction, was no ground for releasing the undertaking; and that part of the order appealed from is reversed.

APPEAL from the Circuit Court for *Iowa* County.

Action for continuing trespass upon certain mining lands. The acts charged were the entering upon, digging and mining upon the premises, and carrying away large quantities of lead and zinc ores. Injunction was prayed, and a temporary injunction was allowed. The defendants answered, alleging that their mining operations were not carried on upon lands included in the plaintiffs' lease, nor in a mine to which plaintiffs had any right or claim. Upon the verified answer and several affidavits tending to support its allegations, the defendants moved to dissolve the injunction, upon which motion, the court ordered that the injunction be dissolved, upon the condition, that defendants enter into an undertaking with surety to be approved, that they would account for and pay over to the plaintiffs whatever amount of money the court should, upon the trial, adjudge that defendants ought to pay for such ores and minerals as they should have taken, and upon the further condition, that defendants be ready for trial at the next term ; the injunction to stand vacated from the filing of the undertaking. This order was dated December 30, 1873, and the undertaking was filed January 5, 1874, duly approved. At the next term the case was called, and certain questions of fact in issue were submitted to a jury, which failed to agree upon a verdict. The court thereupon refused further to try the action, and made an order, upon a motion of the defendants to dissolve said injunction, that the same be dissolved in thirty days from date, unless, the defendants consenting thereto, the plaintiffs should consent within that time to submit the whole

matter in difference to the award of three arbitrators, each party to select one, and the two to select a third, or, they failing to agree, the third to be selected by the court; the submission to conform to ch, 131, R. S.; the language thereof, if the parties failed to agree, to be left to the court or judge; the award to be regarded as the judgment of the court therein; each party to waive his right of excepting to the award or appealing from the judgment, unless partiality or corruption were shown; the injunction to remain in force, if the submission failed through the default of the defendants; but to be dissolved, if the submission failed through default of the plaintiffs. Within the thirty days, each party served notice of assent to the submission, and nominated their arbitrator. The two arbitrators failed, after some correspondence, to agree upon a third. Thereupon the defendants moved the court to vacate the injunction on account of the failure of the plaintiffs to proceed with the arbitration, or, in default thereof, that the court appoint a third arbitrator, and that the plaintiffs be required to proceed with the arbitration, and in case of their failure, the defendants being willing to proceed, that the injunction be annulled. This motion was founded upon an affidavit setting forth the failure of the two arbitrators to choose a third, and that no steps had been taken by the plaintiffs toward carrying out said order to submit to arbitration, except giving notice of their willingness to do so. Upon the hearing of this motion the court made an order, wherein is recited: " That the plaintiffs having attempted to show cause why the injunction should not be vacated and failed therein, and that the court, being advised of its judgment, and satisfied that the injunction ought to be set aside upon the merits of the action, as the same were developed at the trial thereof before the court;" and it is ordered that the injunction be dissolved, and the bond and security given by defendants be absolutely released and discharged.

From this order the plaintiffs appealed.

*Moses M. Strong* and *M. M. Cothren*, for appellants, submitted, as points, that there was at the time of making the order ap-appealed from an injunctional order in force, or there was not. If not, then the last order was inoperative, therefore errroneous, and the plaintiffs might appeal from and have it reversed under the rule that a void judgment may be reviewed on appeal. If the injunctional order was in force, counsel contended that the court erred in basing its judgment in making the last order upon developments at the trial on the merits, and which were not referred to in the rule, affidavit or notice upon which the motion was made. The court had no power to make the order compelling the parties to submit to arbitration. There had, on the part of defendants, been no noncompliance with it. That the part of the order which attempts to annul the undertaking is error: 1st. Because inoperative so far as it sought to act retroactively. 2d. Because it was not moved for by the defendants, and the court had no power to make the order for submission to arbitration, for alleged noncompliance with which the last order was made, and because the bond was a contract which the court could not abrogate in such a proceeding.

*Wm. E. Carter*, for respondents, stated the history of the litigation, and contended that the plaintiffs failed to comply with the order to submit to arbitration ; that so far as the order appealed from was based on such noncompliance, it was in the nature of a punishment for disobedience, as for contempt, and, therefore not appealable ; that the injunction was vacated and surety discharged, as well, upon the merits, as disclosed at the trial. It amounts to a judgment upon the merits, so far as the injunction is concerned. In that respect it can not be inquired into on appeal, as no bill of exceptions is before the court. It will therefore be presumed that the course of the court below was proper. The dissolution of injunctions is within the sound discretion of the court, and here there is no abuse of discretion. If the court had no power to release the security, the order was so far a nullity and not appealable. The under-

taking was in no just sense a contract, but the creation of the court.

RYAN, C. J.    The action below is for damages for continuing trespass.    An injunction was prayed on the ground of the insolvency of the respondents; and a temporary injunction was allowed.

An order was afterward made dissolving the injunction, upon condition that the respondents should give an undertaking with sureties to secure the appellants; the injunction to be dissolved from the filing of the undertaking.    The respondents gave the undertaking accordingly; and the injunction stood dissolved by the terms of the order.

After the undertaking had been given, another order was made, again dissolving the injunction, unless the appellants would consent to submit the controversy to arbitration under ch. 131, R. S.; the award to be regarded as the judgment of the court below; and the parties to waive their right of excepting to the award and of appealing from the judgment of the court below thereon, except for partiality or corruption of the arbitrators.

Both parties undertook to comply with this order; but the arbitration appears to have fallen through.    Then the respondents, on affidavits imputing the failure of the arbitration to the appellants, and on that ground only, moved to dissolve the injunction once more; and the court below, on that ground and on the merits, made an order again dissolving the injunction, and also releasing and discharging the undertaking.    The appeal is from this last order.

It has perhaps never been decided how many times injunctions will bear dissolution, probably because courts are generally content with dissolving them once, without further experiment on their vitality.    And, had the order before us not gone beyond the motion made, in annulling the undertaking, it might have been too harmless for appeal or reversal.

Sobey and others vs. Thomas and another.

The undertaking is a mere indemnity to the appellants, of no moment to the respondents, if, as the learned judge of the court below seems to have thought, the appellants have no cause of action against them. And we cannot hold that the court below was authorized to release it, upon the learned judge's impressions of an intermediate trial of the cause, which seems to have produced no other result, when the parties did not move for it and put the motion which they did make on other grounds. The order must rest on the failure to arbitrate.

It is remarkable that both parties submitted to the conditional order to arbitrate, which, so far as appears by the record, was sought by neither, but imposed upon both by the court below. Undoubtedly a circuit court may well suggest arbitration to parties litigant before it; but it cannot impose it as a condition of justice. The laws of the state open the circuit courts to litigants, without discretion of the circuit judges. The same laws give the right of appeal from the circuit to this court; and a circuit court is outside of its duty and beyond its power when it seeks to evade that right, or to drive parties to relinquish it, as a condition of its orders or process or by any other device, upon whatever ground or pretense. The order imposing arbitration and waiver of appeal, as conditions of not dissolving the injunction, is before us so far as failure to comply with it is ground for the order appealed from. And we must say that we consider it to have been unwarrantable, if not *ultra vires*.

So far as the injunction is concerned, it was already dissolved. So far as the undertaking is concerned, it was not before the court below on the motion; and had it been, a failure to comply with the unjudicial conditions of the previous order would not justify its release. It was given to the appellants, under the order of the court below, by the respondents, as a substitute for solvency of the respondents; and, for all that is before us, must abide the result of the action. The merits of the injunctional order itself are not before us on this appeal.

*By the Court.*— The order of the court below is reversed.