Nast vs. Town of Eden and others.

---

Nast, Appellant, vs. The Town of Eden and others, Respondents.

*February 8 — March 5, 1895.*

*Injunction: Municipal officers: Issuance of liquor licenses.*

Town officers will not be restrained at the suit of a private individual from granting licenses for the sale of intoxicating liquors contrary to a vote of the electors, the injury, if any, not being to a private right.

Appeal from orders of the circuit court for Fond du Lac county: N. S. Gilson, Circuit Judge.   *Affirmed.*

This is an action in equity brought against the town of *Eden,* its clerk and supervisors, to enjoin them from granting licenses for the sale of intoxicating liquors.   The complaint alleges that the plaintiff is a resident tax-payer and elector of said town; that on the 3d day of April, 1894, the question whether licenses should be granted in said town was duly submitted to the voters of the town; that at such election 140 votes were cast " For License," 160 votes " Against License," and 52 votes on which were written the words " For License in the Village of Eden; " that the inspectors of election counted said last-named ballots as ballots cast " For License," and declared the result to be 192 votes cast " For License," and 160 votes cast "Against Li-

cense," when in truth said 52 votes were illegal and void; that the said supervisors threaten and intend to grant licenses for the sale of liquors in said town, which action "will work an irreparable loss and damage to this plaintiff, as well as to other citizens, voters and residents and tax-payers of said town;" wherefore an injunction is prayed against the granting of such licenses.

Upon this complaint a preliminary injunction restraining the town and its officers from granting any licenses was granted *ex parte* by a court commissioner. A demurrer to the complaint, on the ground of want of equity as well as upon the general ground of insufficiency of facts, was interposed, and a motion was made to vacate the preliminary injunction. The demurrer and the motion were heard at the same time, and orders were made vacating the injunctional order and sustaining the demurrer, and from both orders the plaintiff appealed.

For the appellant there was a brief by *Phelps & Watson*, and oral argument by *J. W. Watson*.

For the respondents there was a brief by *Maurice Mc-Kenna* and *T. J. Hoey*, and oral argument by *Mr. McKenna*. To the point that plaintiff has mistaken his remedy, they cited *Judd v. Fox Lake*, 28 Wis. 583, and cases cited; *Gilkey v. Merrill*, 67 id. 459; *Sage v. Fifield*, 68 id. 549; *Pedrick v. Ripon*, 73 id. 624; *Kendall v. Frey*, 74 id. 26; *World's Columbian Exposition v. U. S.* 6 C. C. A. 58.

W<small>INSLOW</small>, J. It appeared upon the argument (though not stated in the complaint) that the so-called village of Eden is an unincorporated village within the limits of the town of *Eden*. Conceding that the 52 votes cast "For License in the Village of Eden" were void and should not have been counted, still the complaint states no cause of action. Equity does not revise, control, or correct the action of municipal officers at the suit of a private person,

"except as incidental and subsidiary to the protection of some private right or the prevention of some private wrong, and then only when the case falls within some well-defined head of equity jurisprudence." *Judd v. Fox Lake*, 28 Wis. 583. It is too plain for argument that the injury which the plaintiff will suffer from the anticipated action of the town board is not an injury to any private right of the plaintiff, but simply (if an injury at all) one which he suffers in common with all other residents of the town. He cannot maintain a private action to redress or prevent such an injury.

