State ex rel. Treat v. Hammel, 134 Wis. 61.

---

STATE EX REL. TREAT and another, Appellants, vs. HAMMEL, Mayor, and others, Respondents.

*November 28—December 13, 1907.*

Mandamus: *When not issued: Licenses: Intoxicating liquors: Appeal and error: Moot questions: Affirmance or reversal: Costs.*

1. To entitle a party to the remedy of *mandamus* it must appear that the relief asked for can be enforced by the writ, and the writ will not issue if it is too late to be available as a remedy to enforce the right alleged to have been violated.
2. Where *mandamus* is invoked to enforce the revocation of a liquor license, and the license has then expired by limitation of time, compliance with the mandate of the writ would be fruitless and nugatory and it is not error to deny the writ.

3. At the time of hearing on appeal from a judgment denying a writ of *mandamus*, it appeared that the writ should not then issue because it had then no functions to perform. *Held*, that it is proper for the appellate court to then consider whether the lower court should have granted the writ, and if it has been improperly denied the relator is entitled to a reversal of the judgment, with costs, and a direction that he recover costs in the lower court.

4. The provisions of sec. 1548, Stats. (1898), regulating the granting and issuance of licenses for intoxicating liquors, do not authorize the licensing board to accept less than the prescribed amount before issuing the license, although the license may cover only a part of the then current license year, and the payment of the full fee prescribed before the license issues is a condition precedent to the validity of such license.

5. A license issued and delivered without requiring the payment of the full license fee is null and void, and hence the issuance of a writ of *mandamus* for its revocation is a mere idle, fruitless act, and on appeal requires affirmance of a judgment denying such writ.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

In November, 1906, the city of Appleton voted Herman Bach a license to sell intoxicating liquors for the remainder of the year ending the first Tuesday in July, 1907, he paying therefor $133.33. On December 5, 1906, application was made to the common council for the revocation of his license for the selling of a glass of beer to a minor on that day. The application was referred to the city attorney, and, on his report to the common council that the application stated a good cause of action, Bach was summoned to appear before the common council and show cause why his license should not be revoked. After being continued the case was finally tried February 6, 1907. It appears that the beer was sold to the minor by Bach's barkeeper; that this sale was against the express directions of Bach; that the minor had no written order from his parent or guardian for the purchase of the intoxicating liquor; that the minor drank several glasses of liquor that

day; and that Bach was absent from the city on December 5, 1906. Upon this evidence the common council by a vote of seven to four passed the following resolution:

"Resolved, that the license of H. Bach be not revoked; and be it further resolved that the case against H. Bach be dismissed, and that the costs of the proceedings be paid by the city of Appleton."

Petition was made to the circuit court for a writ of *mandamus* requiring the mayor and common council to revoke the license. An alternative writ was issued requiring them to revoke the license or to show cause why they did not. The members of the council who had voted in favor of the revocation made separate return to the writ, stating that they did not wish to contest the proceeding and that they were willing that the license should be revoked. The mayor and the other members of the council answered to the effect that they had acted in good faith and in the exercise of a sound discretion, that they doubted the testimony of some of the witnesses, and therefore voted for the adoption of the resolution. They also alleged that no valid license had ever been issued to Bach, for the reason that Bach had not paid $200 for the license, as required by the laws of the state, and that the form of the writ was defective, and they demurred because Bach, the real party in interest, had not been made a party thereto. The relators demurred to the answer of the majority of the council. On the trial the parties stipulated the facts as above stated, and the only evidence introduced was a part of the city charter and an ordinance of the city. Subd. 1, sec. 2, subch. IV, of the charter of the city [Laws of 1885, ch. 441] provides as follows:

"No license shall be granted for a term longer than one year, nor for a less term than the corporate year, or the part of such year unexpired at the term [time] when application for such license is filed with the city clerk."

The section of the city ordinances introduced in evidence was as follows:

"The licenses provided for in section three shall not be granted to any person until the person applying for the same shall have paid into the treasury of the city of Appleton therefor, the sum of two hundred dollars, and produced and filed with the city clerk, a receipt, showing the payment of such sum to the city treasurer and filed with such clerk the bond provided for in sec. 1549 of the Revised Statutes."

The court made findings of fact and conclusions of law and entered judgment in accord therewith, denying the peremptory writ, dismissing the proceedings and action, and for costs and disbursements for the majority of the defendants in the action. Numerous exceptions were filed to the findings of the court and to the refusal of the court to find as proposed by the relators. This is an appeal from the judgment of the court, above described, entered on June 26, 1907.

For the appellants there were briefs by *Richmond, Jackman & Swansen,* and oral argument by *T. C. Richmond.* They contended, *inter alia,* that the principal is liable for the acts of his agent done in the regular course of his (the principal's) business, and consequently the saloon-keeper was liable for the acts of his bartender. *George v. Gobey,* 128 Mass. 289; *Bodge v. Hughes,* 53 N. H. 614; *Keedy v. Howe,* 72 Ill. 133; *In re Carlson's License,* 127 Pa. St. 331; *Garey's License,* 11 Pa. Co. Ct. 468; *State ex rel. Higgins v. Beloit,* 74 Wis. 267. A license granted by a common council of a city cannot be collaterally attacked, and it may be revoked even though irregularly or improvidently granted. *Genoa v. Van Alstine,* 108 Ill. 555, 558; *Common Council v. State ex rel. Perkins,* 59 Wis. 425, 426; *State ex rel. Cheever v. Johnson,* 37 Neb. 362, 55 N. W. 874; *State ex rel. Cox v. Hanlon,* 24 Neb. 608, 39 N. W. 780.

*Henry D. Ryan,* for the respondents.

State ex rel. Treat v. Hammel, 134 Wis. 61.

SIEBECKER, J.   This is an application for a writ of *manda-mus* to compel the revocation of a license to deal in intoxicating liquors.   To entitle a party to such relief it must appear that the relief asked for can be enforced by the writ.   The writ will not issue if it is too late to be available as a remedy to enforce the right alleged to have been violated.   *State ex rel. Smith v. Drake,* 83 Wis. 257, 53 N. W. 496; *State ex rel. Gold v. Secrest,* 33 Minn. 381, 23 N. W. 545; 13 Ency. Pl. & Pr. 493, 494, note 1.   In this case it is apparent that the license which it is sought to have the common council revoke has expired by limitation of time under the statute, and a compliance with such a mandate would be fruitless and nugatory in its effects.   Though this situation is decisive of the question and the writ therefore should not issue since there is no function for it to perform, yet the inquiry whether the lower court, when the writ was denied, should have granted it and have given the relief sought is a proper one to determine, and, if it was then improperly denied, relator is entitled to a reversal of the judgment, with costs, and a direction that he recover his costs in the lower court.   *State ex rel. Runge v. Anderson,* 100 Wis. 523, 76 N. W. 482.

From the record it appears that Bach applied for a license on November 1, 1906, and that on November 3, 1906, he paid to the city treasurer $133.33 and filed his receipt therefor, together with the bond required by the statutes, with the city clerk, and that the common council on November 7th following voted to grant him a license covering the period from November 1, 1906, to the first Tuesday of July, 1907.   Do these facts show compliance with the statutes; and, if not, then under the circumstances was the license attempted to be granted valid?   From the provisions of the statutes on the subject it is manifest that they prescribe the terms and conditions upon which persons may be granted the right to engage in the business of selling intoxicating liquors.   Sec. 1548,

ch. 66, Stats. (1898), provides that the common councils of cities may grant licenses within their respective cities to such persons as they deem proper, "under the conditions and restrictions" contained in the chapter, and that the minimum "sum to be paid for such license shall be . . . in all cities . . . two hundred dollars. . . ." It is also enacted that:

"All such licenses shall remain in force until the first Tuesday of July next after the granting thereof . . . ; they shall be attested by the . . . city . . . clerk and shall not be delivered until the applicant shall produce and file with the clerk a receipt showing the payment of the sum required therefor to the proper treasurer and until the filing with the clerk of the bond provided for in sec. 1549."

It is manifest that these terms of the statute require that the license fee shall be collected before the license issues and that a uniform fee is prescribed for all licenses. No authority is given the common council to accept any sum less than the amount established by law. The terms of the statute do not permit of a construction authorizing a common council to accept less than the prescribed amount before issuing a license, though the license may cover only a part of the license year expiring on the following first Tuesday of July after its issue. No provision indicates that a license may lawfully issue for a part of the license year by the payment of a part of the license fee proportionate to the part of such year for which it is granted. Nothing less than the receipt of the full fee can authorize a common council to grant a license even for a part of the license year.

The terms of the statute are also clear that payment of the full license fee must be made to the city treasurer and that the receipt therefor, together with the proper bond, must be filed with the city clerk, in order to authorize the delivery of the license to the licensee. This construction was given to a like provision of the excise statute in the early cases of *State v. Fisher,* 33 Wis. 154, and *State ex rel. Henshall v. Luding-*

*ton,* 33 Wis. 107. In the opinion in the former case, dealing with this provision, it is said:

"We are clearly of the opinion that the giving of the bond required by the law is an essential condition precedent to the validity of the license. . . . No such bond having been given, the license is null and void, and affords no protection to the defendant."

It is manifest from the context of the statute that payment of the full fee as prescribed before the license shall issue is also such a condition precedent to the validity of a license. That such payment of the license fee is as imperative as the filing of the requisite bond is obvious from the context of the statute imposing these terms and conditions. The provisions of the city charter of Appleton are in accord with these enactments. Upon these considerations the conclusion is inevitable that the common council of the city of Appleton had no authority to grant Bach a license unless he paid the full sum of $200 to the city treasurer, and no valid license could be delivered to him until he had filed a receipt therefor and the bond provided by the statute with the city clerk. It is admitted that the license in question was granted and delivered to him without requiring the payment of the full license fee of $200. This omission renders the license, for the revocation of which the proceedings before the council were instituted, null and void. Consequently there was no license to revoke. The result of this situation would also render the issuance of a writ of *mandamus* for the revocation of such license a mere idle act, fruitless in its effects, and this requires affirmance of the holding of the trial court denying the writ. *State ex rel. Henshall v. Ludington,* 33 Wis. 107, 119.

*By the Court.*—Judgment affirmed.