OLIGNY and another, Appellants, vs. CITY OF NEW RICHMOND and others, Respondents.

*January 14—February 1, 1910.*

*Intoxicating liquors: Local option: Threatened refusal of license: Action to set aside election.*

A threatened refusal by city officers, pursuant to the result of a local option election, to grant to a liquor dealer a license for the coming year—the time for issuance of such licenses not having arrived,—does not affect any existing private right and does not entitle such dealer to maintain an action to set aside the election.

APPEAL from an order of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

This is an action to set aside the election held in the city of *New Richmond* on the first Tuesday of April, 1909, on the question whether or not any person should be licensed to deal or traffic in any spirituous, malt, or intoxicating liquors or drinks as a beverage. The complaint alleges that each year from 1900 to 1908, inclusive, this question was legally sub-

mitted to the electors of the city, that at each of such elections the majority of the votes cast was in favor of license, and that licenses were duly granted for the sale of such liquors in each of these years. It is alleged that in 1909 an election was held pursuant to a petition of fifty qualified electors of the city, but that the election should be held void for defects in the petition, in that it lacked a date, and for other slight irregularities, and because nine electors of the city who would have voted for license and thus have changed the result of the election were prevented from voting because they relied upon the city clerk's notice of the election stating that the polls would be held open until 6 o'clock in the afternoon, whereas in fact they were closed at 5 o'clock. It is alleged that the plaintiff *H. C. Hanson* has for seven prior years been engaged in the retail liquor business in the city of *New Richmond,* and that unless he can procure a license to continue the business the good will of his business will be destroyed and his buildings, stock, and fixtures used in the conduct of the business will be greatly depreciated in value. The complaint alleges that if the election be set aside the common council of the city will grant the plaintiff *H. C. Hanson* a license to sell intoxicating liquors. The city, the mayor, the city clerk, and the aldermen of the city are made parties defendant.

This is an appeal from the order of the court sustaining the demurrer of the defendants on the ground that the complaint did not state facts sufficient to constitute a cause of action against the defendants.

The cause was submitted for the appellants on the brief of *W. F. McNally* and *W. T. Doar,* and for the respondents on that of *Baker & Haven* and *George Oakes.*

SIEBECKER, J. The foregoing statement shows that the plaintiff *Hanson* assails the validity of the special election, and alleges that if it be held valid it will cause him private injury, in that the city officers will not grant him a license to sell intoxicating liquors for the ensuing year, thereby de-

stroying the good will of his business and greatly depreciat-
ing the value of his buildings, stock, and fixtures, heretofore
devoted to the prosecution of his licensed business in intoxi-
·cating liquors. The threatened action of the city officers
·does not in legal contemplation take from the plaintiff or
·destroy any of his vested property rights. By sec. 1548,
:Stats. (1898), the common council of the city may grant li-
·censes permitting the sale of intoxicating liquors to such per-
sons as they may deem proper to conduct such a business
within the city. The allegations of the complaint charge no
violation of an existing license, and are wholly directed to
the effect of the threatened refusal to grant *Hanson* a license
to do this business. However, the time for the issuance of
licenses had not arrived when the action was commenced, and
no steps for their issuance had been taken by either the plaint-
iffs or the city. Under such circumstances the threatened
acts do not affect any vested rights. No person has in law a
right to engage in this traffic unless a license has been ob-
tained therefor under the conditions and upon the terms pre-
scribed by the statutes. *State v. Downer,* 21 Wis. 274, and
subsequent cases. It therefore follows that under the facts
alleged no existing rights of the plaintiff are invaded by the
threatened refusal of the city officers to license him to con-
duct this business, and hence plaintiff fails to allege any
grounds tending to show an injury to a private right. The
case is therefore ruled by the principle which was applied in
*Nast v. Eden,* 89 Wis. 610, 62 N. W. 409. It is there de-
clared:

"Equity does not revise, control, or correct the action of
municipal officers at the suit of a private person, 'except as
incidental and subsidiary to the protection of some private
right or the prevention of some private wrong, and then only
when the case falls within some well-defined head of equity
jurisprudence.' "

It is insisted that *State v. Robbins,* 54 N. J. Law, 566, 25
Atl. 471, is a case in point. There an innkeeper prosecuted
a writ of *certiorari* to determine the legality of a proceeding

under the statute for the ordering and holding of an election to determine what fee should be charged for a license to keep an inn. The case as reported apparently went on the assumption that the prosecutor's rights to keep his inn were threatened with invasion to his injury by the proposed illegal election proceeding under the law of that state. We do not regard the case as applicable to the situation presented in the instant case, and, in so far as the reasoning of the case implies that a threatened refusal to grant a license to sell intoxicating liquors results in a private injury to a prospective applicant for a license to conduct such a business, it is contrary to the law as established in this state, and we must refuse to follow it.

We are of the opinion that the trial court properly sustained the demurrer to the complaint upon the ground that the complaint fails to state a cause of action.

*By the Court.*—The order appealed from is affirmed.