State ex rel. Hathaway v. Mirlach, 174 Wis. 11.

STATE EX REL. HATHAWAY and others, Appellants, vs. MIRLACH and others, Respondents.

*March 9—April 5, 1921.*

*Municipal corporations: Industrial education: Requirements of vocational school: Determination by local board: Levy by common council: Mandamus: Relief unavailable when appeal is decided: Jurisdiction.*

1. Under sub. (1), (2), sec. 41.16, Stats., the common council of a city was not required to levy a tax of 1.5 mills for the requirements of the vocational school of the city as requested in the report of the local board of industrial education, but was required to levy a tax to raise an amount which, when added to the funds otherwise available for such purposes, would equal the requirements fixed by the board.

2. The authority conferred by secs. 41.13 to 41.21, Stats., necessarily implies that the governing boards (the state board of vocational education and the local board of industrial education) are vested with the power to determine what amount shall be contributed for the support of the schools by local taxpayers, within the limitation of 1.5 mills prescribed by the legislature.

3. Where at the time the circuit court quashed an alternative writ of *mandamus* relief thereby was available, this court on appeal obtained jurisdiction to determine all questions involved in the litigation, though the peremptory writ of *mandamus* as prayed for is of no avail at the time of the appeal.

APPEAL from an order of the circuit court for Dodge county: OSCAR M. FRITZ, Judge. *Reversed.*

The appeal is from an order quashing an alternative writ of *mandamus* issued by the court.

The plaintiffs in this action constitute the local board of industrial education of the city of Beaver Dam, Wisconsin. Upon verified petition an alternative writ of *mandamus* was issued commanding the defendants, the mayor and city council of Beaver Dam, to levy and collect a tax of 1.5 mills. The defendants moved to quash the writ, and, upon motion, the plaintiffs were allowed to amend the petition and writ, setting forth, among other things, that prior to the filing of their report and requisition with the proper officers of the city of Beaver Dam they had, at the regular meeting of the board, determined the requirements of the vocational school for the city of Beaver Dam for the fiscal year at the sum of $14,361.66; that this sum was and is required for the support of the school established in the city of Beaver Dam under secs. 41.13 to 41.21, Stats.; that the assessed valuation of the taxable property in the city was $8,806,020; that the requested levy of 1.5 mills is less than the requirements of the schools but is the maximum amount allowed by law; that the sum levied by the defendants, $5,724, together with other funds provided by law and placed at the disposition of the city, is not sufficient to meet the requirements of the plaintiffs for the purposes mentioned, and that if this levy

is allowed to stand the plaintiffs will not have sufficient funds to carry on the vocational school and that it will be necessary to close the same before the end of the year; that the proper tax which should have been levied amounts to $13,209.03. It is further alleged that the common council acted upon the report and requisition thus made and made an allowance and levy of $5,724; that this amount is insufficient; that the tax roll had not been delivered to the treasurer of the city of Beaver Dam for the collection of taxes for the year 1920; and prayed that the same might be corrected so as to include the proper amount of tax as required by the local board.

The defendants moved to quash the petition and writ as amended, which motion was granted and an order entered thereon. At the time of the entry of said order the tax roll had not been delivered to the city treasurer. Appeal is taken from the order quashing the writ and from the whole thereof.

For the appellants there was a brief by *Clark & Lueck* of Beaver Dam, attorneys, and *William J. Morgan,* attorney general, and *E. E. Brossard,* assistant attorney general, of counsel; and the cause was argued orally by *Mr. Royal F. Clark* and *Mr. Brossard.*

*John C. Healy* of Beaver Dam, for the respondents.

SIEBECKER, C. J.    Did the circuit court err in quashing the writ of *mandamus?* The petition alleges that the relators are the local board of industrial education for the city of Beaver Dam and that this board, under the provisions of secs. 41.13 to 41.21, Stats., at a regular meeting determined what amount the vocational school of the city of Beaver Dam required for the fiscal school year of 1920-1921 to support and maintain it. The board reported to the common council of the city that the sum of $14,361.66 would be required for this purpose and for the purchase of necessary additions to school sites, building operations, fixtures, and supplies. They therefore requested the common council

to levy a tax of 1.5 mills to raise this fund for such uses for the fiscal year specified in their report and requisition. It also appears that the common council levied a tax to raise the sum of $5,724 for these purposes, which could be applied in addition to other funds provided for by law and placed at the disposition of the city. It is alleged that such levy is much less than the amount that would have been realized had the city council levied the 1.5 mills tax on the assessed valuation of the city property for taxing purposes. It is also alleged that the sum thus raised by a tax levy, together with other funds provided by law and placed at the disposal of the city for the same purpose, is wholly insufficient for the support and maintenance and necessary equipment for such school for the current fiscal year. The plaintiffs assert that their requisition and demand that the city council levy a tax on the city property to provide the amount they reported for such school purposes was wrongfully refused by the city council. The issues thus raised by the parties require an interpretation of sub. (1) and (2), sec. 41.16, Stats. Sub. (1) provides that the local board of such school "shall report to the common council, . . . at or before the first day of September in each year, the amount of money required for the next fiscal year for support of all the schools established or to be established under secs. 41.13 to 41.21 . . . and for the purchase of necessary additions to school sites, building operations, fixtures and supplies." Sub. (2) provides that there shall be levied ". . . a tax upon all the taxable property" of any such city in the manner and at the time other taxes are collected, "which together with the other funds provided by law and placed at the disposal of said city" for the same purpose "shall be equal to the amount of money so required by said local board of industrial education" for the purposes of establishing, maintaining, and operating the schools provided for by the statutes. It is made the duty of such school board to ascertain before September 1st of each year the amount of money so required

for the ensuing school year. The terms of the statute do not expressly provide that such report shall contain anything besides the amount of money required to carry on the school; nor is there anything in the statute which by necessary implication demands that the board shall specify any other items in such report. The duties of the school board are therefore discharged in this respect when it makes this report to the common council. The statutes, sec. 41.13 to 41.21, creating the state board of vocational education, the local board of industrial education for the purposes of establishing and maintaining vocational schools for instruction in trades and industries, commerce and household arts, and imposing the burden on cities, villages, and towns to provide the necessary revenue to carry them on, are all expressed in positive terms requiring that such schools be established and maintained as prescribed. The act expresses a manifest legislative intent that municipalities shall by taxation provide the funds needed in addition to the amount otherwise provided by law to carry out the purposes of the act, and the state and local boards are given the power and authority to establish, maintain, and operate the schools. The authority so conferred necessarily implies that these governing boards are vested with the power to determine what amount should be contributed for such purpose by the local taxpayers within the legislative limitation of 1.5 mills. It is claimed by the respondents that the local board failed to report and specify to the city council the amounts available for such school purposes provided by law and placed at their disposal for the fiscal year covered by their report from the following sources, namely, moneys derived from (1) state aid; (2) sale of products in manual training and domestic science departments; (3) tuition fees; and (4) federal aid. There is no direction in the statute that the local boards shall include a specification of these items in their report. The language of the statute is that the local board "shall report to the common council . . . the amount

of money required for the next fiscal year" for such school purposes. The petition shows that the board did this and thus fully complied with their duty under the statute. Obviously the legislature left it to the common council to ascertain what funds, other than those to be raised by taxation, are available under the law for this purpose for any fiscal year, and when this has been ascertained by the city council they are required to raise by taxation the additional fund required to make up the amount the local board has reported to the council as requisite for this purpose. From this it follows that the common council of the defendant city was not required to levy a 1.5 mills tax for such purpose as requested in the report of the petitioners, but that the city council was required to levy a tax to raise an amount which, when added to the funds otherwise available for such purposes, would equal the requirements fixed by the board, namely, the sum of $14,361.66. The facts alleged in the petition are sufficient to show that the common council did not comply with the statutes in this respect and that it states a good cause of action, and that a writ commanding the officers of the defendant city to perform their duty in levying a tax as required by sub. (2), sec. 41.16, Stats., should have been issued. Obviously the tax roll for the year 1920 has been in the hands of the city treasurer for collection of the taxes for that year, and no additional tax can now be put on that roll. At the time the circuit court quashed the writ in this case such relief was available. Under such circumstances, this court on appeal obtained jurisdiction to determine all the questions involved in the litigation, though the peremptory writ of *mandamus* as prayed for is of no avail at this time. The relators are entitled to a reversal of the order appealed from and to recover their costs and nominal damages. *State ex rel. Runge v. Anderson,* 100 Wis. 523, 76 N. W. 482.

*By the Court.*—The order appealed from is reversed.