Matson and others, Appellants, vs. Town of Caledonia and others, Respondents.

*October 9—November 5, 1929.*

44

For the appellants there was a brief by *Whaley & Paulsen* and *Beck, Smith & Heft,* all of Racine, and oral argument by *Vilas H. Whaley.*

For the respondents Milwaukee Electric Railway & Light Company and Wisconsin General Railway there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee.

For the respondents town of Caledonia and Frank D. and Fannie Stritesky, there was a brief by *Thompson, Myers & Helm* of Racine, and oral argument by *Peter J. Myers.*

STEVENS, J.    Plaintiffs concede that they have no right to maintain this action if the defendant railway company can acquire the land in question by condemnation. The railway company does not possess such power. The chapter of the statutes which confers the right to condemn provides that "the general power of condemnation conferred in this chapter does not extend to property owned by . . . a municipality. . . ." Sub. (1), sec. 32.03, Stats. The property here in question is owned by the municipality and is therefore not subject to condemnation.

All parties concede that the town possesses the power to acquire and maintain this memorial to commemorate the heroic deeds of those who responded to the call of their country in its hour of need. This power is expressly conferred by sec. 45.065 of the Statutes.

These plaintiffs allege that they brought this action "on behalf of the taxpayers and all residents" of the town. "Such actions may be brought where municipal au-

thorities are about to unlawfully dispose of public property or pay out public funds." *Linden Land Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 503, 83 N. W. 851. Plaintiffs bring themselves squarely within this rule by alleging that the town unlawfully conveyed this land.

"The direct injury to be remedied where the taxpayer intervenes and sets the judicial machinery in motion for that purpose, is not personal and direct to himself, but to the corporation. . . . That jurisdiction of the court is the most powerful and effective force to prevent and redress wrongs to public corporations when their officers squander public money or improperly surrender or violate public rights, either corruptly or ignorantly. . . . The court . . . will recognize the interests of the corporation as a whole, and, with the evidence produced before it calling for action, by its decree compel the performance of duty by all within its reach." *Estate of Cole,* 102 Wis. 1, 7–8, 78 N. W. 402.

The deed by which the property was conveyed to the town provided that the property thus conveyed was "to be used for monumental purposes only, and it is one of the conditions of this conveyance that the above described property shall not be sold by the town, but shall be kept and used perpetually only for monumental purposes." This restriction is not void as an unlawful suspension of the power of alienation, because it is a grant "to a charitable use" as that term is used in sec. 230.15 of the Statutes. *Williams v. Oconomowoc,* 167 Wis. 281, 284, 166 N. W. 322.

The only power which the town possessed to convey the land here in question is that conferred by sub. (10) of sec. 60.18 of the Statutes, which provides that the electors "at any annual town meeting" may "authorize the board to sell and convey any real or personal property belonging to the town not donated to and required to be held by the town for a special purpose." The authority to sell this plot of ground was voted at a special town meeting. The evidence

establishes without controversy that the plot of ground here in question was purchased by money raised by voluntary subscription. The land was in fact donated to the town and is required to be held by it for "monumental purposes only," which is "a special purpose" within the meaning of the statute just quoted.

The fact that the deed to the town ran from the owners who were paid value for their conveyance out of funds raised by subscription does not change the nature of the donation. The case comes squarely within the exception contained in this statute. It follows that the town had no power to convey the land to the defendant railway company and that the deed of the town to the railway company must be canceled and set aside. The railway company took its deed with constructive, if not actual, notice of the provision of the deed to the town which required the land to be perpetually used for monumental purposes. This deed was recorded before the railway company began its negotiations to purchase the land.

The residents of the town of Caledonia in town meeting assembled voted to move the memorial from this plot of ground to the town cemetery. The deed of the property here in question did not require the existing memorial to be maintained on this plot of ground. The only requirement is that the ground shall be "used perpetually only for monumental purposes." The subscriptions by which this fund was raised contain no restrictions as to the place where the memorial was to be erected, except that it should be in the town of Caledonia. Our attention has been called to no statute or rule of law that limits the power of the town meeting to direct the removal of an existing memorial to a new location. The legal title to the memorial became vested in the town when the memorial was erected on land belonging to the town, in trust, however, for the purpose for which it was erected. In the absence of some limitation upon their

power, the electors of the town had the same power to change the location of this memorial that they had to change the location of any other property belonging to the town, provided that such change of location was not inconsistent with the purpose for which the memorial was erected.

The deed of the defendants Stritesky to the town was a full warranty deed which conveyed all the title and interest possessed by the defendants. The deed given by the defendants Stritesky to the railway company can in no way affect the right of the people of the town to use the land here in question for memorial purposes. It follows that equity will not perform the idle function of canceling a deed which cannot affect the rights of the plaintiffs or of the public.

The judgment appealed from is reversed, with directions to enter a judgment canceling and setting aside the deed from the town of Caledonia to the Milwaukee Electric Railway & Light Company dated October 8, 1928, and canceling and vacating the record of the same in the office of the register of deeds for Racine county, Wisconsin.

*By the Court.*—So ordered.