KLEMA and others, Respondents, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*March 11—June 12, 1931.*

For the appellant there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *James D. Shaw.*

For the respondents there was a brief by *Whaley & Paulsen* and *Beck, Smith & Heft,* all of Racine, and oral argument by *Vilas H. Whaley* and *Martin R. Paulsen.*

OWEN, J.  The facts giving rise to this litigation may be briefly stated as follows: About the 20th day of November, 1920, funds collected by a group called the Caledonia Memorial Committee were paid to Frank D. Stritesky and his wife, in the sum of $300, for the purchase of one-half acre of land in the town⁻of Caledonia, Racine county.  By direction of the committee the deed to said premises was executed to the town of Caledonia as and for a memorial park.  Said town accepted the deed to said premises for such park purposes.  A memorial to the soldiers of the World War was erected thereon, and the park otherwise beautified by the planting of trees and shrubs.  This land was located in close proximity to a grade crossing over the tracks of the defendant railway company.  Proceedings and negotiations resulted in a plan agreed upon between the public authorities, including the town of Caledonia, and the defendant railway company, for the separation of said crossing.  It is claimed that the plan agreed upon and adopted required the appropriation of this land by the railway company for its tracks.  The town authorities removed the memorial erected to the soldiers of the World War, to the town cemetery.  The town then executed a quitclaim deed of the premises in question to the defendant railway company.  The original grantors, Frank D. Stritesky and wife, also quitclaimed to the railway company.  A taxpayers' action, in which three of these plaintiffs were parties, was commenced in the municipal court of Racine county to have said deed to the railway company canceled

and set aside, and for an injunction restraining the defendant railway company from using said property for the purpose of its tracks. A temporary injunction was granted by the municipal court, but the final judgment of that court granted no relief to the plaintiffs, and dissolved the temporary injunction. An appeal from that judgment was taken to this court, and the decision of this court thereon will be found in 200 Wis. 43. Upon the dissolution of said temporary injunction, and while the case was pending in this court, the defendant railway company took possession of a part of said premises, removed the shrubs and trees planted thereon, built up an embankment for its roadbed, and laid its tracks across and over said premises. This court vacated the deed by which the town conveyed the premises to the railway company, leaving the railway company without title to said premises so far as it acquired the same by and through that deed. After the decision of this court in that case, the plaintiffs commenced this action praying for a mandatory injunction compelling the removal of said tracks from said premises, which resulted in a judgment of the lower court in accordance with the prayer for relief. From that judgment the defendant appeals.

This is a taxpayers' action. The only interest which the plaintiffs have in the occupation of the land by the defendant railway company, appearing from the face of the complaint, is that they are taxpayers in the town of Caledonia. Whether this piece of land is used for the purposes of a memorial park, or occupied by the defendant with its railway tracks, does not affect the financial interests of the plaintiffs in the least. A taxpayer's action is a familiar one, but, so far as our investigation reveals, it is an action which can be sustained only when the taxpayers, as a class, have a financial interest in the subject of the action. The plaintiffs no doubt have a great sentimental interest in the maintenance of this property as and for a memorial park, but we have found

no case in which a sentimental interest has been held sufficient for the maintenance of a taxpayer's action, and we do not presently appreciate the grounds upon which such an interest should be held sufficient. *Bell v. Platteville,* 71 Wis. 139, 36 N. W. 831; *Stone v. Oconomowoc,* 71 Wis. 155, 36 N. W. 829; *Nast v. Eden,* 89 Wis. 610, 62 N. W. 409; *Kasik v. Janssen,* 158 Wis. 606, 149 N. W. 398; *Berger v. Superior,* 166 Wis. 477, 166 N. W. 36, seem to negative the sufficiency of such an interest as the basis for a taxpayer's action. Furthermore, the sentiment entertained by these plaintiffs does not appear to be the general sentiment of the taxpayers, as they authorized the execution of the quitclaim deed, which was canceled by this court in *Matson v. Caledonia,* 200 Wis. 43, 227 N. W. 298. The theory of a taxpayer's action is, that all or a group of taxpayers have suffered a common injury. The plaintiffs in this action have no right to say that the taxpayers of the town have suffered the same injury that they feel. But for language found in *Thorndike v. Milwaukee Auditorium Co.* 143 Wis. 1, 17, 126 N. W. 881, we·should feel quite disposed to say that such an interest was not sufficient. However, a similar question was under consideration in that case. After an analysis of the complaint and statement of the conclusion that it was not intended to be a taxpayer's action, the court said: "We do not intend to affirm or deny, in this opinion, the right of the taxpayers or lotowners as a class to restrain this use of the property in question in a suit brought by one or more in behalf of himself and all others similarly situated." The court there evidently intended to hold open the question of whether an interest such as is possessed by the plaintiffs in this action furnishes a sufficient basis for the support of a taxpayer's action. As the question has not been briefed or discussed in this case— in fact the right of plaintiffs to maintain the action has not

been challenged,—we will not now foreclose it, but will leave it as it was left in that case, an open question. We have recently decided, however, after deliberate consideration, that the municipality is a necessary party to a taxpayer's action. *Coyle v. Richter,* 203 Wis. 590, 234 N. W. 906. The town is not made a party here. While in that case the cause was remanded with instructions to make the municipality a party, it was because the case had been tried and the right of recovery clear. Because the right of plaintiffs to maintain this action seems to us very doubtful, we think the mandate should be and is:

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the complaint.