BJORDAL, Appellant, vs. Town Board of Town of Delavan and others, Respondents.

*February 7—March 7, 1939.*

544

For the appellant there were briefs by *Sheldon & Freytag* of Elkhorn, and oral argument by *William A. Sheldon*.

For the respondents there was a brief by *Moran & O'Brien* of Delavan, and oral argument by *J. Arthur Moran*.

WICKHEM, J. Plaintiff, a resident of Walworth county, made application for a "Class B" retail liquor license before the defendant town board on the 7th day of June, 1937, at which time eighteen other applications were on file. The statutory publication of the notice of applications for licenses was made and gave notice of a meeting of the town board on

June 24, 1937, for the purpose of action upon licenses. The notice contained the names of twenty-seven applicants. There was in effect an ordinance enacted by the town board limiting the number of licenses to twenty-six. No action was taken by the board on the 24th day of June, but at a subsequent meeting held on July 22d, the town board denied plaintiff's license and granted the other twenty-six licenses, including two "Class B" retail liquor licenses to one of the applicants. The latter had made application for a second license after plaintiff's application had been duly filed. It is stipulated that a license was denied to plaintiff, (1) because of the ordinance limiting licenses to twenty-six, and (2) because twenty-six licenses had been granted at the time of the denial.

Upon the oral argument the question was raised whether this case had become moot for the reason that it related to a license for the year 1938, and that *mandamus* could not issue under the circumstances. We consider that the action is not moot under the doctrine of *State ex rel. Treat v. Hammel,* 134 Wis. 61, 65, 114 N. W. 97; *State ex rel. Runge v. Anderson,* 100 Wis. 523, 76 N. W. 482; *State ex rel. Burke v. Hinkel,* 144 Wis. 444, 129 N. W. 393; *State ex rel. Conlin v. Wausau,* 137 Wis. 311, 118 N. W. 810.

In the *Treat Case* the following statement is in point and conclusive:

"To entitle a party to such relief [*mandamus*] it must appear that the relief asked for can be enforced by the writ. The writ will not issue if it is too late to be available as a remedy to enforce the right alleged to be violated. . . . In this case it is apparent that the license which it is sought to have the common council revoke has expired by limitation of time under the statute, and a compliance with such a mandate would be fruitless and nugatory in its effects. Though this situation is decisive of the question and the writ therefore should not issue, since there be no function for it to perform, yet the inquiry whether the lower court, when the writ was denied, should have granted it and have given the relief

sought is a proper one to determine, and, if it was then improperly denied, relator is entitled to a reversal of the judgment, with costs, and a direction that he recover his costs in the lower court."

A statement to the same effect is to be found in the *Runge Case.*

Plaintiff's first contention is that the town board had no power to pass an ordinance arbitrarily limiting the number of liquor licenses to be granted in the town. It is contended that there is no proof that the town had taken advantage of sec. 60.18, Stats., to authorize it to exercise powers relating to villages, and that therefore its power to regulate the sale of intoxicating liquor is solely referable to sec. 176.05 (1), Stats., which provides:

"Each town board, village board, and common council may grant retail licenses, under the conditions and restrictions in this chapter contained, to such persons entitled to a license under this chapter as they deem proper to keep places within their respective towns, villages, or cities for the sale of intoxicating liquors. . . . "

and to sec. 176.43, Stats., which provides in part:

"Any city, village, or town may by ordinance prescribe additional regulations in or upon the sale of intoxicating liquor, not in conflict with the provisions of this chapter. Such ordinance may prescribe different penalties than those provided in this chapter, but no ordinance shall provide a greater penalty than the maximum allowed by law. The provisions in this chapter shall in no way affect the power of cities, villages, and towns to enact zoning ordinances or to enforce zoning regulations now in force or hereinafter enacted. Whenever any person shall be committed to the county jail or house of correction for the violation of a municipal ordinance, his board shall be paid by the municipality where such violation was committed."

The portion of sec. 60.18, Stats., heretofore referred to, is sub. (12), which reads as follows:

"The qualified electors of each town shall have power at any annual town meeting by vote: . . .

"(12) To direct, by resolution, the town board in towns having a population of not less than five hundred, and having therein, one or more unincorporated villages, to exercise all powers relating to villages and conferred on village boards by chapter 61 of the statutes. . . ."

It is our view that the provisions of secs. 176.05 and 176.43, Stats., are sufficiently broad without more to authorize the town board in its discretion either by ordinance or resolution to restrict the number of liquor licenses that will be issued within the town. This is a normal, usual, and effective means of preventing evils incident to the abuse of intoxicating liquor, and the promotion of good order and morality within the limits of a municipality. It is not necessary to determine here whether this is a field in which the will of the town board is supreme or whether it is a matter within its discretion and subject to review for abuse of discretion. At all events there is no contention in this case that a determination, however expressed, to limit the number of licenses to twenty-six in the town, the permanent population of which is only about one thousand, constitutes an abuse of discretion on the part of the town board, and we would suppose that it would be very difficult to sustain such a position if it had been taken. Hence, we conclude that it was within the power of the town board to determine that only twenty-six licenses should be issued.

It is next contended that the denial of a license to plaintiff constituted an arbitrary and capricious act by the town board; that plaintiff's was the nineteenth application filed; and that there were no grounds for denying his application based on his unfitness to conduct the business or the unsuitability of the location at which he proposed to operate. This contention cannot be sustained. Plaintiff had no vested right to engage in the liquor business or to have his application for license considered in the order in which it was filed. We discover no authority for the position that he acquired any priority by filing ahead of other applicants or that the order in

which applications are to be considered and acted upon by the board is not a matter purely for the board's determination. Further than this, even if the claim were sound that if more applications than twenty-six were received the board had some sort of duty to consider the relative merits of the applicants, there is nothing in the stipulation or evidence to indicate that plaintiff was entitled to any preference upon that basis. If there were no difference in merit between the various applications, there would be no yardstick by which to ascertain abuse of discretion, even if it were held that discretion must be exercised.

In view of the foregoing conclusions, it is evident that as soon as twenty-six licenses were granted it was proper to deny plaintiff's application because of the previous valid determination to limit the number of taverns to twenty-six. We think it is not within the competency of plaintiff in this action to attack the validity of any of the licenses constituting the twenty-six and by such process to establish the fact that the town board had in legal effect granted less than twenty-six licenses. It follows that the trial court properly denied the writ.

*By the Court.*—Judgment affirmed.