SIMON, Appellant, vs. WISCONSIN TELEPHONE COMPANY, Respondent.*

*January 9—February 15, 1946.*

* Motion for rehearing denied, without costs, on April 12, 1946.

358

For the appellant there were briefs by *Rubin, Zabel & Ruppa,* attorneys, and *W. B. Rubin* and *W. C. Zabel* of counsel, all of Milwaukee, and oral argument by *Mr. Zabel* and *Mr. Rubin.*

*Francis J. Hart* of Milwaukee, for the respondent.

MARTIN, J. The action is in equity to enjoin the defendant Telephone Company from discontinuing, as it threatens to do, its service to the plaintiff, who alleges necessity for such service in the conduct of his news collecting and disseminating agency. The action is based upon threatened violations of defendant's duty, pursuant to sec. 175.06, Stats., which requires it to furnish its services upon payment of the customary charges therefor, to all persons "without unreasonable delay or without discrimination" and "without regard to the character of the messages to be transmitted, provided they are not obscene or profane." The complaint negatives the doing or omitting of any of the things which, under the statute, excuses the defendant from supplying service to him.

Upon service of the summons and complaint the plaintiff moved for an injunction *pendente lite,* restraining the defend-

ant from discontinuing its services, and upon the complaint procured an order to show cause why such injunction should not issue, and which restrained the defendant from discontinuing service until the return day of the order.

On the return day, a continuance being requested by the plaintiff, the court, by oral pronouncement from the bench, continued the hearing to a day certain, and continued the restraining order in force until the day certain specified, "conditioned that the plaintiff appear in court in person at said time with the records of his business to submit to examination by the defendant."

The record contains no answer, nor does it contain any affidavits or any evidence whatsoever as to any reason for the condition on which the restraining order was to continue in force.

On the adjourned date plaintiff did not appear to submit to examination, and the court then signed a written order reciting that the previous order not having been reduced to writing the hearing was adjourned to a later date, that the restraining order be continued to that day, and that "at said time the plaintiff appear in person in open court with the records of his business to be examined relative to the matters alleged in his complaint."

At the last adjourned date, plaintiff having failed to appear in person, produce the records of his business, and submit to an examination by defendant, the court dissolved the temporary restraining order.

The complaint states a cause of action for the equitable relief demanded. There is no answer or denial of its allegations.

Sec. 268.02 (1), Stats., provides:

"When it appears from his pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure him, or when during the litigation it shall appear that a party is doing or threatens or is about to do, or

is procuring or suffering some act to be done in violation of the rights of another party and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act."

Sec. 268.08, Stats., provides:

"The court or judge may, before granting the injunction, make an order requiring cause to be shown why the injunction should not be granted, and the defendant may in the meantime be restrained."

The plaintiff contends that under sec. 175.06, Stats., and the above statutes, it was the positive duty of the court, under the undisputed allegations of the complaint, to continue the restraining order in force until the allegations of the complaint should in some way, by answer or affidavits, be controverted or denied; that the dissolution of the restraining order was an abuse of discretion and a denial of due process.

The defendant claims that the restraining order having been issued *ex parte* by a judge at chambers, it might be vacated *ex parte* by the judge who made it, sec. 269.28, Stats. This section provides:

"An order made out of court without notice may be vacated or modified without notice *by the judge who made it. . . .*"

This section is not applicable. The order was made by Judge SULLIVAN, and he did not vacate it.

Defendant also claims that there is applicable sec. 269.32 (3), Stats., which provides that when a notice of a motion for an order has been served testimony may be taken at the hearing of the motion. This section has no application because no notice of defendant's motion to dissolve the order was given. The motion was made at the hearing without previous notice.

Sec. 326.12, Stats., provides for discovery examination before trial or at any time before a final determination, or if the examination is taken after the complaint is served but before

issue is joined it may extend to all the allegations of the complaint. But such examinations when taken within the state shall be taken on previous notice to the adverse party or attorney of at least five days. If the defendant wished to examine the plaintiff concerning his business or with reference to any of the allegations of his complaint, no reason is given why the regular statutory proceeding should not have been followed.

In *De Pauw v. Oxley*, 122 Wis. 656, 100 N. W. 1028, it is said, in the syllabus:

". . . an order dissolving a temporary injunction, upon defendant's motion without answer or affidavits on his behalf, was error. If the injunction was dissolved in the attempted exercise of discretion, and not upon the ground that the complaint failed to state a cause of action, *there was a clear abuse of discretion*."

In *Sobey v. Thomas*, 37 Wis. 568, it was held that the court could not impose consent to arbitration as a condition for continuing an injunction.

We are of the view that the order should be reversed on the ground of abuse of discretion. Having reached this conclusion, it will serve no purpose in this case to discuss the question of the alleged denial of due process.

*By the Court.*—Order reversed. Cause remanded for further proceedings according to law.