SMITH, Respondent, vs. CITY OF WHITEWATER and others, Appellants.

*September 10—October 14, 1947.*

308

*Leonard Haines* of Whitewater and *W. Wade Boardman* of Madison, for the appellants.

For the respondent there was a brief by *Karon & Weinberg* of Milwaukee, and oral argument by *Philip Weinberg*.

RECTOR, J.   The respondent advances the contention that the cause is moot.   It is said that the 1946-1947 license year for which Whitinger's license was issued has now expired, and that any controversy as to whether that license may properly be transferred is now ended.   The order of February 17, 1947, setting aside the *ex parte* dissolution and reinstating the injunction *nunc pro tunc* as of December 10th, carried $10 motion costs in favor of the respondent.   A reversal of the order would absolve the appellants from the payment of such costs.   The matter of costs has on several occasions been considered as preserving the life of a cause for purposes of a decision on appeal even though it has otherwise become moot. *State ex rel. Strike v. Common Council* (1930), 201 Wis.

435, 230 N. W. 70; *State ex rel. Runge v. Anderson* (1898), 100 Wis. 523, 76 N. W. 482; *State ex rel. Treat v. Hammel* (1907), 134 Wis. 61, 114 N. W. 97; *State ex rel. Conlin v. Wausau* (1908), 137 Wis. 311, 118 N. W. 810; *State ex rel. Hathaway v. Mirlach* (1921), 174 Wis. 11, 182 N. W. 331. No question of costs in the trial court was involved in *Lamoreux v. Williams* (1905), 125 Wis. 543, 104 N. W. 813, upon which respondent relies.

The order of May 15, 1947, did not assess costs. The appellants argue, however, that if the injunction which the court therein refused to vacate was improperly issued, they are entitled to be compensated for such damages as they may have suffered by reason of its issuance. *Muscoda Bridge Co. v. Worden-Allen Co.* (1932) 207 Wis. 22, 239 N. W. 649, 240 N. W. 802. The difficulty with the contention is that until such time as there has been a final determination on the merits as to whether respondent is entitled to an injunction, the determination of such damages is premature. It is the final disposition which determines the right to receive such damages. *Independent Order of Foresters of Canada v. United Order of Foresters* (1896), 94 Wis. 234, 68 N. W. 1011. No determination on the appeal from the order of May 15th could affect the appellants' right to damages. Therefore, any question as to that right cannot infuse life into the appeal from the order. The appeal has become moot and is dismissed.

The order of February 17th reinstating the temporary injunction must be reversed. It is true, as contended by the respondent, that the injunction should not have been vacated by an *ex parte* order, *Simon v. Wisconsin Telephone Co.* (1946) 248 Wis. 356, 21 N. W. (2d) 734, but since the complaint does not state a cause of action, the injunction should not have been issued in the first instance and should not have been reinstated. The statute under which the injunction was issued, sec. 268.02, Stats., expressly limits the issuance to cases

"When it appears from his pleadings that a party is entitled to judgment. . . ."

The respondent's asserted right to maintain this action is based upon her ownership of the premises from which the license transfer is sought and upon her alleged agreement with Whitinger. It is claimed, in substance, that if the transfer were permitted, it would constitute a violation of the agreement and would prevent her and her property from being licensed since the maximum quota of retail Class B intoxicating liquor licenses, after the transfer, would be exhausted.

There is no merit in respondent's contentions. Any agreement between respondent and Whitinger could not possibly affect the jurisdiction conferred upon the common council by sec. 176.05 (14), Stats., to act upon license transfers. It would be difficult to find a more self-evident proposition of law. The remaining contentions are equally untenable. The transfer of Whitinger's existing liquor license could not deprive respondent of the right to sell liquor upon her premises. She had no such right because she was not then licensed to sell intoxicating liquors. Nor would it otherwise prejudice her. Her action in terminating Whitinger's lease did not invalidate his existing license and reduce the number of liquor licenses below the authorized quota fixed by sec. 176.05 (21). His privilege as a licensee would continue during the term of the license until revoked pursuant to law or until terminated by voluntary surrender. Whether the license was or was not transferred is immaterial so far as her status was concerned. The liquor-license quota would remain filled and would preclude the granting of a license to respondent or to anyone else irrespective of the council's action on Whitinger's application.

Respondent relies upon XXVIII Op. Atty. Gen. 123, as holding that where a licensee loses possession of licensed premises another license may be granted covering those premises for the remainder of the term of the first license. That

may be true, but the attorney general's opinion has no application to a situation, such as here, where the issuance of a second license is precluded by reason of a full quota. It did not discuss the applicability of the quota law for obvious reasons. It was rendered February 28, 1939, and the quota law, sec. 176.05 (21), Stats., did not become effective until August 26, 1939.

Our reasoning results in the conclusion that respondent's complaint states no cause of action. Neither her status nor that of her property was dependent upon the council's action in passing upon Whitinger's application for transfer of his license. Her alleged agreement with Whitinger did not invest her with the right to question the council's action. No protectible private right is asserted, and she cannot maintain the action as the champion of a public right. *Nast v. Eden* (1895), 89 Wis. 610, 62 N. W. 409.

We do not decide whether she would have standing to maintain the action if her right to a license for herself or to cover her property were dependent upon the council's action on Whitinger's application. Cf. *Bjordal v. Town Board* (1939), 230 Wis. 543, 284 N. W. 534.

The asserted right to maintain the action under the provisions of sec. 66.05 (10) (1) 1 and 2, Stats., empowering courts of record to review the action of licensing authorities in granting or revoking fermented malt beverage licenses or in failing to revoke such licenses, is without merit. It is argued that under sec. 176.05 (10) the liquor license may not be transferred unless the fermented malt beverage license is likewise transferred and that the action to review thus extends to the transfer of liquor as well as fermented malt beverage licenses. We need not decide whether the one transfer is dependent upon the other. We are here dealing with the transfer of an existing license. This action cannot fairly be denominated as one to review the granting of a license.

The only other matter requiring comment deals with the question whether there had been a valid transfer at the time the injunction was served. Our disposition of the case upon other grounds is not to be regarded as intimating that the transfer was incomplete.

*By the Court.*—The order of February 17, 1947, is reversed. The appeal from the order of May 15, 1947, is dismissed.