BUTLER and others, Appellants, vs. CITY OF MILWAUKEE
and others, Respondents.

*October 21—November 17, 1903.*

*Officers: Civil service rules: Exemptions: Official bonds: Acts of
deputies and assistants.*

The official bond of a city clerk, general in its terms, covering, as
required by law, all the administrative duties of his office, in-
cludes all acts of his deputies and assistants within the scope
of their authority; and such assistants are therefore within
the exemption clause of a city service act (sec. 6, ch. 313, Laws
of 1895) which provides that officers and clerks, for the faith-
ful discharge of whose duties a superior officer is required to
give bond, shall not be affected by the rules of the city service
commissioners as to their election, selection, or appointment.

APPEAL from an order of the circuit court for Milwaukee
county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

These facts were pleaded for a cause of action: Plaintiffs
are taxpayers of the city of *Milwaukee,* a duly organized mu-
nicipal corporation of this state. They sue on behalf of them-
selves and all others similarly situated. During the period
material to this action *William H. Graebner* has been and is
the treasurer of said city, and *Peter Pawinski* its comptroller.
A board of city service commissioners has been duly ap-
pointed and the members thereof have duly qualified pur-
suant to ch. 313, Laws of 1895, and the acts amendatory
thereof. Such board has duly established rules for the ad-
ministration of its duties, and such rules were in force dur-
ing the period material to this suit. July 14, 1902, Edward
M. Schuengel, the clerk of said city, appointed as his second
assistant Owen D. Murphy at a salary of $1,000 per year,
and notified such board of such appointment. The appoint-
ment, by the rules of the board, was temporary, and was so
approved by it to the knowledge of said clerk, the form of the
approval being, "To continue until an appointment from new
eligible list can be made." September 2, 1902, according to

the rules of the board, such an eligible list was completed. September 29th thereafter the board, by resolution, ended the term of office of said Owen D. Murphy as second assistant to said clerk, and the next day notified the latter thereof and that an eligible list from which to fill the vacancy had been prepared and was ready for his use.   He retained Murphy as his second assistant notwithstanding, and will continue to do so in defiance of the action of the board and the law governing the subject, and said Murphy will continue to draw from the city treasury the sum of $83.33 per month as compensation for his services unless prevented by the action of the court.   The city comptroller and the city treasurer have been duly notified of the foregoing facts, but they nevertheless insist that if the city clerk retains Murphy as his second assistant they shall continue to treat him as entitled to receive from the city treasurer compensation for his services at $83.33 per month.   By an ordinance duly adopted by the common council of the city of *Milwaukee* its city clerk is required to give an official bond in the sum of $10,000. Said clerk, in compliance with such ordinance, gave such bond to the city of *Milwaukee,* which was duly approved. The bond was general, covering all his duties as city clerk.   The office of second assistant to the city clerk was created by a city ordinance duly adopted by the common council.

Upon such facts judgment was asked enjoining the payment by the city treasurer of any salary claim of Murphy as second assistant to the city clerk, and requiring such treasurer to restore to the public funds the amount of money paid by him to Murphy for services rendered subsequent to the action of the board ending his term of office.

Defendants demurred to the complaint for want of legal capacity to maintain the action, because no proof of injury to plaintiffs was shown, and for insufficiency.   The demurrer was sustained.   Plaintiffs appealed from the order accordingly entered.

*Edgar L. Wood,* for the appellants, contended, *inter alia,* that the wisdom of laws governing the appointment of public servants based upon merit has become generally recognized by constitutional and statutory enactment in many states and by Congress. These constitutional provisions and laws should receive a liberal construction which shall carry out, rather than defeat, the purpose sought to be accomplished. *People ex rel. Tate v. Dalton,* 158 N. Y. 204; *People ex rel. Flood v. Gardiner,* 157 N. Y. 520; *People ex rel. Miller v. Lyman,* 156 N. Y. 407; *People ex rel. Sears v. Tobey,* 153 N. Y. 381; *Chittenden v. Wurster,* 152 N. Y. 345; 6 Am. & Eng. Ency. of Law (2d ed.) 88. The civil service law furthermore relieves the appointing officer from responsibility for the acts of the subordinates when it deprives the officer of the power of appointment and designates who shall be appointed, and under these conditions it is held, so far as authority upon the proposition has been found, that the principal officer is not liable for the acts of such subordinate clerks. *Murphy v. Comm'rs,* 28 N. Y. 134; *Wiggins v. Hathaway,* 6 Barb. 632; *Bailey v. Mayor,* 3 Hill, 531.

*Carl Runge,* city attorney, for the respondents.

MARSHALL, J. The demurrer seems to have been sustained below solely upon the ground that the second assistant city clerk is within the exemption clause of sec. 6, ch. 313, Laws of 1895, which provides that "officers and clerks, for the faithful discharge of whose duties a superior officer is required to give bond, . . . . shall not be affected" by the rules of the city service commissioners "as to their election, selection, or appointment." If such ground was well taken it is conceded by counsel for appellants that the decision complained of must be affirmed.

The quoted language seems plain. If there is any ambiguity therein giving warrant for the court to search for the true meaning thereof by the light of rules for judicial con-

struction, we are unable to discover it. The obvious legislative idea voiced therein is that, as to an officer whose fidelity to the duties of his position is secured by the bond of a superior, no further security in that regard is required for the public interests, and that interference with the appointment or election of the inferior regardless of the wishes of the superior and responsible head of the service would be unjust. That being the plain policy of the law, expressed in general terms applicable, reasonably, to one inferior officer as well as to another, it would be going beyond legitimate judicial construction to search for and declare exceptions.

The foregoing leaves very little that needs to be said. The complaint shows that the city clerk was by law required to give a bond for the faithful discharge of the duties of his office. That included, in the administration of such office, acts done by deputies and assistants as well as those done by the clerk himself. In legal effect all the acts are those of the responsible head, the city clerk, and so are within the terms of the official bond. A principal officer is always liable for the official misconduct of one of his assistants, and cannot escape liability therefrom upon the ground that it was not a personal fault of his. The law knows only the superior officer in such cases. That is too elementary to require discussion.

The place of a mere assistant to a superior officer is one of less dignity than that of a deputy (9 Am. & Eng. Ency. of Law, 369), yet the latter, in the absence of some express provision to the contrary, is regarded in law as the mere private agent of his superior. He is supposed to act only in the name of his superior and upon the latter's responsibility. The principal and his deputy or deputies are regarded as but one officer and that officer the principal. *Russell v. Lawton,* 14 Wis. 202. It is upon that principle that the official bond of an officer is generally regarded as covering all acts of his deputies and assistants within the scope of their authority,

the same as if performed by himself personally, though he may be entirely ignorant of their conduct. It must follow that the bond of the city clerk in this case, general in terms, covering the entire administrative duties of his office, includes all acts done within the scope of the administration by his second assistant. That satisfies the letter and spirit of the exemption clause of the city service act.

*By the Court.*—The order is affirmed.