(173 App. Div. 6)

### GREGORY v. SIMPSON et al.

(Supreme Court, Appellate Division, Fourth Department. May 10, 1916.)

MUNICIPAL CORPORATIONS ⟨⟩993(2)—TAXPAYER'S SUIT—STATUTE.

Under Code Civ. Proc. § 1925, providing that a taxpayer may maintain an action against a public officer to obtain a judgment preventing waste of the funds of any municipality, a taxpayer of the city of Olean could maintain an action against the mayor and common council, and their appointee as inspector of plumbing, to enjoin payment of the latter's salary, where he had not obtained a certificate of competency from the examining board of plumbers of the city, as required by General City Law (Consol. Laws, c. 21) § 48.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2159; Dec. Dig. ⟨⟩993(2).]

Appeal from Special Term, Erie County.

Suit by Dominic Gregory against William H. Simpson and others, constituting the Mayor and Common Council of the City of Olean, and Ernest L. Kallenback. From a judgment overruling a demurrer

to the complaint, defendants appeal. Judgment affirmed, with leave to plead over.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MER-RELL, and DE ANGELIS, JJ.

D. L. Jewell, of Olean, for appellants.

P. S. Collins, of Olean, for respondent.

DE ANGELIS, J. The action is brought by the plaintiff, a tax-payer of the city of Olean, to prevent waste of the funds of the city. The complaint, after stating the title of the mayor and the common council, alleged that the defendant, Ernest L. Kallenback, was detailed, designated, and appointed, by the board of health of the city, an inspector of plumbing in and for the city in the month of August, 1914; that he entered upon the discharge of the duties of such inspectorship immediately after such appointment and has ever since acted as such inspector; that he has received from the city a salary of $100 per month for his services as such inspector; that the appointment of Kallenback as such inspector was illegal, for the reason that, before entering upon the discharge of his duties as such inspector, he failed to obtain a certificate of competency as required by section 48 of the General City Law; that he has never obtained such certificate; that his appointment was illegal for the further reason that at the time of the appointment he was and ever since has been engaged directly in the business of plumbing in such city; that the plaintiff is a tax-payer of such city, and during the years 1913 and 1914 was duly assessed for taxes for the general purposes of such city, and paid the taxes so assessed. There is, however, no allegation in the complaint that the plaintiff is assessed as a taxpayer to the amount of $1,-000, and no allegation that he has furnished the defendants with a bond.

The demurrer challenges the complaint upon two grounds: First, that it does not contain an allegation that the plaintiff is assessed as a taxpayer to the amount of $1,000, nor does it contain an allegation that the plaintiff has furnished to the defendants the bond required by section 51 of the General Municipal Law (Consol. Laws, c. 24); and, second, that it does not state facts sufficient to constitute a cause of action, for the reason that there is no allegation of fraud or collusion on the part of the defendants in the payment of the salary; that section 48 of the General City Law makes the salary of an inspector of plumbing a charge upon the city, and it appears upon the face of the complaint that Kallenback is, and has been during all the time stated therein, actually performing the duties of the office; and that the alleged illegality in the appointment of Kallenback does not constitute a cause of action, pursuant to section 1925 of the Code of Civil Procedure.

The answer to the contention that the plaintiff has no legal capacity to sue, under the provisions of section 51 of the General Municipal Law, is that the plaintiff does not claim any relief under the General Municipal Law.

Is it true that the complaint fails to state a cause of action under section 1925 of the Code of Civil Procedure? Section 48 of the Gen-

eral City Law provides that a person appointed inspector of plumbing, before entering upon the discharge of his duties as such, shall be required to obtain a certificate of competency from the examining board of plumbers of the city in which the appointment is made. Subdivision 2 of section 44 of the General City Law provides for such examination, and for the issuance of a certificate of competency "to all such persons who shall have passed a satisfactory examination before such board and shall be by it determined to be \* \* \* competent to act as inspectors of plumbing." This requirement of the law makes a clear distinction between certificates of competency for those conducting business as employing or master plumbers and certificates of competency for those who are to act as inspectors of plumbing. It seems reasonable that there should be a distinction of this nature. So that the failure of Kallenback to pass the examination prescribed by the board, which he entered upon and tried, prevented his holding the office. His attempt, in such circumstances, to discharge the duties of the office and to receive the salary, was an illegal act, and an action to prevent the payment of the salary to him is an action to obtain a judgment, preventing waste of the funds of the city of Olean, under the express provision of section 1925 of the Code of Civil Procedure.

While section 51 of the General Municipal Law and section 1925 of the Code of Civil Procedure are independent acts, they cover common ground upon the subject of the waste of municipal funds, and such a cause of action might be maintained under either act. The cases are entirely clear in holding that an action of this kind may be maintained. Forman v. Bostwick, 139 App. Div. 333, 123 N. Y. Supp. 1048; Whitney v. Patrick, 64 Misc. Rep. 191, 120 N. Y. Supp. 550 (affirmed in 134 App. Div. 988, 120 N. Y. Supp. 1151, upon opinion at Special Term); Peck v. Belknap, 130 N. Y. 394, 29 N. E. 977.

It follows that the judgment appealed from should be affirmed, with costs, with leave to plead over on usual terms. All concur.