BERGER and others, Appellants, vs. CITY OF SUPERIOR, Respondent.

*December 6, 1917—January 5, 1918.*

*Municipal corporations: Street improvements: Contracts: Restraining performance: Action by property owners: Taxpayers' action: Sufficiency of complaint.*

1. Owners of property alleged to be affected by a proposed street improvement cannot, in that capacity, maintain an action to restrain performance of a contract made by the city for such improvement, on the ground that such contract is invalid, their only remedy as such owners being by an appeal from the final

determination of the city council, provided for in sec. 959—30*g*, Stats. 1915.

2. As general taxpayers such property owners may maintain an action to restrain performance of the contract if it is made to appear that it is invalid and that loss to the general taxpayers will ensue through its performance—plaintiffs in such an action not being recognized as standing for any direct interest of their own.

3. Where, by reason of the benefits which will accrue to the property affected by the proposed improvement, the entire contract price will be assessed against such property, general taxpayers can suffer no loss.

4. If in such case loss might result to the general taxpayers by reason of the city being required to refund moneys to a successful appellant from the final determination of the council, that fact must be affirmatively shown.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

Action by plaintiffs, as general taxpayers and as owners of property affected by a proposed improvement, to restrain the city of *Superior* and the Russell Construction Company from the performance of a contract between them for the paving of one of the streets within the defendant city, on the ground that said contract was void because the fact that (a) no specifications for a concrete base had been adopted when bids were received; (b) the contract was not let to the lowest responsible bidder for the kind of pavement determined to be laid; (c) the bid of the Russell Construction Company was not accompanied by a contract complete with the exception of the signature of the city, as required by law; (d) the city required a surety company bond; and (e) the street railway tracks were laid wholly on the north side of the street, each, invalidated the contract. The court made findings of fact covering the disputed issues and entered judgment dismissing the complaint upon the merits. Plaintiffs appealed.

For the appellants there was a brief by *Hanitch & Hartley,*

attorneys, and *R. I. Tipton*, of counsel, all of Superior, and oral argument by *Clarence J. Hartley*.

For the respondent the cause was submitted on the brief of *H. V. Gard* and *T. L. McIntosh* of Superior.

VINJE, J.   In view of the nature of the action and the allegations of the complaint no fuller statement of the issues litigated is deemed necessary.   Plaintiffs, though alleged to be owners of property affected by the proposed improvement, cannot maintain this action by reason of such ownership. For any wrong suffered in that capacity they must seek redress through an appeal from the final determination of the city council, provided for in sec. 959—30*g,* Stats. 1915. That is the only remedy they have as owners of property affected by the proposed improvement.   *Newton v. Superior,* 146 Wis. 308, 130 N. W. 242, 131 N. W. 986; *Dunn v. Superior,* 148 Wis. 636, 135 N. W. 145.   As general taxpayers they may maintain a suit in equity to restrain the performance of the contract if it is made to appear that it is invalid and that loss will ensue to the general taxpayers through its performance.   But in such suit they are not recognized as standing for any direct interest of their own.   They represent only the interests of the general taxpayers.   *Kircher v. Pederson,* 117 Wis. 68, 93 N. W. 813.   In the present case plaintiffs allege that the benefits accruing to property affected by the improvement were determined to be $8,100; that the contract price was $6,590.34, and that the whole thereof would be assessed proportionally against the property affected by the improvement.   That being so, general taxpayers can suffer no loss.   If it be urged that upon an appeal from the final determination of the council the city may be required to refund moneys to the successful appellant, the answer is that no such fact is alleged in the complaint.   Before a court of equity will entertain a general taxpayers' action it must affirmatively appear that, if the allegations of

the complaint are true, loss to the general taxpayers will follow. 4 Dillon, Mun. Corp. (5th ed.) § 1586. Here there is no such showing either by the pleadings or the proof. The trial court, therefore, should have dismissed the complaint upon the merits because it failed to state a cause of action. Since the same result was reached by a trial the judgment must be affirmed.

*By the Court.*—Judgment affirmed.