KLINKERT, Respondent, vs. CITY OF RACINE and others, Appellants.

JOHNSON and another, Respondents, vs. CITY OF RACINE and others, Appellants.

*April 13—May 9, 1922.*

*Dedication: Plats properly recorded: Acceptance by city: Obstruction of alley: Adverse possession: Failure of city to open streets: Estoppel of lotowner to deny plat: Estoppel of city to deny surrender of rights in street.*

1. Where a plat was filed in accordance with existing law and was thereafter used by a city for taxation purposes, and some of the streets were used and some improved, there was a sufficient acceptance of the plat to constitute a dedication of the land shown thereon as streets and alleys.

2. The placing of buildings or other obstructions upon a city alley constitutes a public nuisance, and the wrong will not ripen into a right unless the city by its conduct shall become estopped from asserting its right.

3. An alley dedicated to a city does not belong to it in its proprietary capacity, but is held in trust for the public.

4. Acceptance of a plat by a city does not require it to open all the streets and alleys for immediate use, and the failure to occupy the streets and alleys until necessity arises does not constitute abandonment of the public right.

5. Adverse possession ripens into a property right because of the presumption of a grant after the lapse of the statutory time, but it cannot run against a city, as the city has no right to make a grant of streets or alleys.

6. The common council of a city is the judge of the public necessity for opening up its streets and alleys and as to whether any public convenience will be subserved thereby.

7. Purchasers of lots according to a plat who claimed title under the plat could not at the same time deny the legality thereof in an action involving the question as to whether land shown on the plat as an alley had been dedicated.

8. The rights of a city in duly platted streets and alleys will not be deemed surrendered by estoppel *in pais* without such acts by the city as to work injustice and hardship upon those relying upon its inequitable conduct.

APPEALS from judgments of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

These two actions were separately brought against *Racine* and its board of public works to prevent by injunction the opening up of an alley between lots of the respective plaintiffs. The two actions were tried together before the circuit judge without a jury, and the two actions were argued together in this court.

It appears that in 1874 one Charles Herrick, being the owner, caused a survey and a map or plat thereof to be made of the east half of the southeast quarter of section seventeen (17), township three (3) north, of range twenty-three (23) east, in the city of *Racine,* Racine county, Wisconsin. The plat was offered for record and recorded in the office of the register of deeds of said county, and was known as Herrick's Addition to the city of *Racine.* In July, 1875, Herrick offered another plat for record, altering the former plat in one particular, but leaving the alley in issue without change as shown on the original plat. This second plat was duly recorded in the office of the register of deeds.

The plaintiff *Klinkert* owned lot 3 and the plaintiffs *Johnson* owned lot 4 in block 2 of said addition.   Lot 3 faces west on Ann street, and lot 4 faces east on Junction avenue. Between the two lots, according to the plat, was located the alley in question, sixteen feet wide, beginning at the north line of said lots and extending southward through the block. Since the dedication of said plat conveyances have been made of all the property therein by description as therein shown.   The plaintiffs herein received title to their property by similar descriptions.   The plaintiff *Klinkert* purchased his property in September, 1901, by a conveyance describing it as follows: Lot No. three (3), in block No. two (2), of Herrick's Addition to the city of *Racine,* situated in the city and county of *Racine,* state of Wisconsin.   The plaintiffs *Johnson* received title to lot 4 in November, 1903, by a conveyance describing the property as follows: Lot No. 4 in block No. 2 of Herrick's Addition to the city of *Racine,* situated in the city and county of *Racine,* state of Wisconsin.   Taxes have been levied and collected accordingly. The city has made improvements on some of the streets and alleys and the same have been used for public travel.

On the rear of lot 3, from 1879 until 1906, when it burned, a barn was located, extending to the middle of the alley.   On the rear of lot 4, extending to the middle of the alley, from 1882 to the present time there has been a barn or shed, which the court found to be of the value of $250 at the time of purchase in 1903.   It is of little value at the present time.   On the south side of lot 3, extending from Ann street to said alley in block 2, is an alley as described in the second plat filed in 1875.   A portion of the alley in block 2 north of said east-and-west alley forms a *cul-de-sac* and has not been used by the public to any considerable extent, and not at all until recently.   The owners of the property north of the end of the alley have recently made use of the alley to obtain a rear entrance to their property, and desire the opening of the alley for that purpose.   It is also

claimed that the opening of the alley to the rear of the property to the north is necessary for the purposes of fire protection.

The trial court held that there had never been a dedication of the alley in question to the public; that the city of *Racine* was estopped from claiming title to said alley between the properties of the plaintiffs; that the city's claim to said property is barred by the statute of limitations; that the plaintiffs had obtained title to said alley by adverse possession; that there was no public necessity for opening up the alley; and that the respective plaintiffs were entitled to the portion of the alley shown on the plat, adjoining their respective lots and to the center of said alley. From the court's findings and conclusions of law the city of *Racine* appeals.

For the appellants there was a brief by *Elmer E. Gittins,* city attorney, and *Leonard P. Baumblatt* of Racine, of counsel, and oral argument by *Mr. Baumblatt.*

For the respondents there was a brief by *Thompson & Harvey* of Racine, and oral argument by *Fulton Thompson.*

CROWNHART, J. (1) In making the surveys and plats and causing the same to be recorded in the office of the register of deeds of Racine county, Herrick seems to have complied with all the requirements of ch. 47 of the Laws of 1858, then in force. 1 Taylor's Revised Statutes, ch. 47, sec. 4. Neither these statutes nor the charter of the city of *Racine* contains any requirement of acceptance of the plat. Under the common law no acceptance is required. It is sufficient, both under the common law and under the statutes cited, that the city make use of the streets and alleys dedicated, or improve the same, or accept the plat for the purpose of taxation. *Smith v. Beloit,* 122 Wis. 396, 100 N. W. 877.

Counsel for respondents cite *Mahler v. Brumder,* 92 Wis. 477, 66 N. W. 502, to the point that acceptance by the city of a plat was necessary. There the plat was offered to the

city council for acceptance and affirmatively refused.    The case goes no further than to hold that there must be an acceptance "or a user which is equivalent to such acceptance."

In the case at bar there was a plat filed in accordance with law, and thereafter the plat was used for taxation purposes, and some of the streets were used and some improved.    We hold that the plat was sufficient and that the same was duly accepted.

(2) The placing of buildings or other obstructions upon an alley of the city constitutes an obstruction and a public nuisance.    This wrong on the part of the obstructor will not ripen into a right unless the city by its conduct shall become estopped from asserting its right.    It must be understood that the alley does not belong to the city in its proprietary capacity, but that it is held in trust for the public.    The city may not waive the public's rights except in pursuance of law.    There was no such waiver or surrender in this case.

(3) The acceptance of a plat by the city does not require that it shall open all the streets and alleys for immediate use, and failure to use or occupy the same until the necessity arises does not abandon the public right.

(4) Adverse possession will not run against the city. Adverse possession ripens into a property right because of the presumption of a grant after the lapse of the statutory time.    The city has no right to grant the streets and alleys for private use, and what the city has no right to grant cannot be obtained indirectly by any presumption of a grant.

(5) The common council is the judge of the public necessity for opening up its streets and alleys and as to whether any public convenience or use will be subserved thereby.

(6) The plaintiffs in this case had no equitable standing in court.    They purchased their property according to the plat.    They knew, or ought to have known, the boundaries of their lots.    The conveyances to them fully apprised them of the extent and boundaries of their property.    They cannot

now claim title to their property under the plat and at the same time deny the legality of the plat. The value of the improvement is little, and the removal of the shed a distance of eight feet will cause little hardship.

(7) The city is not barred from asserting its rights by estoppel. The city has not taken any affirmative action to indicate any abandonment of its rights. It has been guilty of no laches which has misled the plaintiffs to their damage. The rights of the city in its duly platted streets and alleys will not be deemed surrendered by estoppel *in pais* without such acts by the city as to work injustice and hardship upon those parties relying upon the inequitable conduct of the city. *Paine L. Co. v. Oshkosh,* 89 Wis. 449, 61 N. W. 1108; *Superior v. Northwestern Fuel Co.* 164 Wis. 631, 161 N. W. 9.

The rule of equitable estoppel laid down by Dillon on Municipal Corporations is adopted by this court in the latter case and is as follows:

"While the [municipal] 'corporation does not own and cannot alienate the public streets or places, and no mere laches on its part or on the part of its officers can defeat the right of the public thereto; yet there may grow up, in consequence, private rights of more persuasive force in the particular case than those of the public.' . . . 'It will perhaps be found that cases sometimes arise of such a character that justice requires that an equitable estoppel should be asserted even against the public.' . . . 'There is no danger in recognizing the principle of an estoppel *in pais* as applicable to exceptional cases, as this leaves the courts to decide the question, not by the mere lapse of time, but upon all the circumstances of the case to hold the public estopped or not, as right and justice may require.' "

To this rule the court added:

"In order that an estoppel *in pais* may arise there must be (1) inequitable conduct on the part of the city, and (2) irreparable injury to parties honestly and in good faith acting in reliance thereon." *Superior v. Northwestern Fuel Co.* 164 Wis. 631, at p. 641, 161 N. W. 9.

In *Arnold v. Volkman*, 123 Wis. 54, 101 N. W. 158, this court, by Mr. Justice WINSLOW, said:

"This court has uniformly taken advanced ground in favor of the public on the question of the loss of rights in public streets by nonuser or abandonment. The cases are numerous, and it is unnecessary to consider them in detail. Their effect is to hold that municipal corporations cannot sell the streets, nor will mere laches or nonuser on the part of the authorities or the public suffice to defeat public rights, but that cases may arise where private rights and interests have grown up, founded upon the nonaction or action, as the case may be, of the public, so that the prevention of injustice will require the application of the well-understood principles of estoppel as against the public right."

The foregoing correctly states the position of this court.

It follows that the judgments of the circuit court must be reversed.

*By the Court.*—Judgments reversed, and the causes remanded with directions to dismiss the complaints.