STUART, Respondent, vs. CITY OF NEENAH and others, Defendants : GILBERT and others, Appellants.

*May 9—June 5, 1934.*

For the appellants there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Ray C. Dempsey*.

Separate briefs were filed for the appellants W. K. Gerbrick, Flossie Gerbrick, and Frederika K. Smith by *Thompsons, Gruenewald & Frye* of Oshkosh, and oral argument by *Miriam L. Frye;* and for the appellants J. Leslie Sensenbrenner and Ina Sensenbrenner by *Hooper & Hooper* of Oshkosh, and oral argument by *Ed. M. Hooper*.

For the respondent there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen*.

FRITZ, J.   If it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action to quiet title, the demurrers must be sustained, and it is not necessary to also determine whether there is a defect of parties plaintiff.   Although certain actions may be brought by a taxpayer to conserve municipal funds or property by preventing the acquisition thereof by others through unwarranted acts or conduct, or the unlawful disposal thereof by municipal officials (*Linden Land Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 503, 83 N. W. 851; *Menasha Wooden Ware Co. v. Winter,* 159 Wis. 437, 444, 150 N. W. 526; *Matson v. Caledonia,* 200 Wis. 43, 46, 227 N. W. 298; *Coyle v. Richter,* 203 Wis. 590, 592, 234 N. W. 906), there is no basis for such an action if it does not appear that the municipality is about to sustain any loss or be deprived of such funds or property, and that loss to the general taxpayers will follow.   *Berger v. Superior,* 166 Wis. 477, 479, 166 N. W. 36; *Bell v. Platteville,* 71 Wis. 139, 147, 36 N. W. 831.   Plaintiff neither alleges nor contends that the city has sustained, or is about to sustain any loss of its property or rights as the result of any unauthorized conveyance or affirmative act by its officials.   She does allege in her complaint that certain of the defendants make claim of title adverse to the city, and that there appear of record certain deeds conveying parts of the land adversely to the city's rights, title, and interest, but she concedes that "adverse possession will not run against the city."   *Klinkert v. Racine,* 177 Wis. 200, 204, 188 N. W. 72.   However, she does contend that "the doctrine of estoppel, due to neglect of city officials, may rob the city of valuable rights."

That city property and rights may become lost by reason of equitable estoppel has been recognized in several cases. *Paine Lumber Co. v. Oshkosh,* 89 Wis. 449, 61 N. W. 1108; *Ashland v. Chicago & N. W. R. Co.* 105 Wis. 398, 80 N. W. 1101; *Arnold v. Volkman,* 123 Wis. 54, 60, 101

N. W. 158; *Superior v. Northwestern Fuel Co.* 164 Wis. 631, 641, 161 N. W. 9. In *Arnold v. Volkman, supra,* this court said :

"This court has uniformly taken advanced ground in favor of the public on the question of the loss of rights in public streets by non-user or abandonment. The cases are numerous, and it is unnecessary to consider them in detail. Their effect is to hold that municipal corporations cannot sell the streets, nor will mere laches or non-user on the part of the authorities or the public suffice to defeat public rights, but that cases may arise where private rights and interests have grown up, founded upon the non-action or action, as the case may be, of the public, so that the prevention of injustice will require the application of the well-understood principles of estoppel as against the public right."

However, "In order that an estoppel *in pais* may arise there must be (1) inequitable conduct on the part of the city, and (2) irreparable injury to parties honestly and in good faith acting in reliance thereon." *Superior v. Northwestern Fuel Co., supra.*

Consequently, no cause of action to prevent a loss of the city's property or rights, which are claimed to be in jeopardy by reason of an estoppel *in pais,* is stated, unless it appears upon the face of the complaint that there has been inequitable conduct on the part of the city, and that the defendants, having honestly and in good faith acted in reliance thereon, will sustain irreparable injury. Nowhere in the complaint under consideration are there alleged any facts either as to any such conduct on the part of the city or its officials, or as to any such action or reliance on the part of the defendants.

It appears that the land in controversy is a narrow strip between the water's edge of Lake Winnebago and the southeasterly edge of a street which was dedicated by a recorded plat. Plaintiff alleges that the city owns that land in fee simple, but that is an erroneous conclusion of law in view of the express allegation that the land was "transferred, conveyed, and dedicated to the city . . . *by plat* duly dedicated

and recorded. . . ." Under the law in this state no title in fee simple was acquired by the city by virtue of any transfer, conveyance, or dedication by plat. As was said in *Thorndike v. Milwaukee Auditorium Co.* 143 Wis. 1, 15, 126 N. W. 881:

"By a long line of decisions in this state with reference to streets and roads it has become the settled law of this state that in the case of a road or street, whether acquired by condemnation, conveyance, by common-law dedication or by statutory dedication, the city, town, or village takes only an easement for highway purposes, while the fee is held by the abutting landowner. . . ."

Likewise, only such an easement is acquired by the city when a platted highway extends in width to the edge of a navigable body of water. Thus in *Lawler v. Brennan,* 150 Wis. 115, 145, 134 N. W. 154, 136 N. W. 1058, this court said:

"Where a person owns land abutting on one side of a highway, which highway extends in width from such land to or below ordinary high water of a navigable body of water, he owns all the land covered by the highway, subject to the highway easement."

In that connection it should be noted that, when on a recorded plat the original location of a street is indicated on one side by the block line of the blocks abutting thereon, and the opposite side is indicated by a line representing the shore line of a lake, the latter line may be deemed to also represent the boundary of the land platted as terminating at the lake. *Woodlock v. Minocqua,* 144 Wis. 68, 128 N. W. 885.

However, even if the city owned that strip of land in fee simple, there is no allegation as to any act or conduct by which the city or its officials recognized or even acquiesced in the existence of any right or interest therein on the part of any defendant. On the contrary, plaintiff's express allegation that the land "is vacant and unoccupied other than for

the use by said city for highway and park purposes," negatives any occupation or use thereof by any of the defendants, and there is no allegation as to any use or occupation thereof otherwise than by the city. True, it is also alleged, upon information and belief, that certain of the defendants make claim of title to the land adverse to the city; that there appear of record certain deeds purporting to convey parts of the land adversely to the city's rights, title, and interest; and the conclusion that "the failure to bring said action to protect the title of·the city in the land will give rise to interest therein adverse to the city of Neenah and cause an irreparable loss to said city," However, in none of those allegations is there stated any fact or circumstance which constitutes inequitable conduct on the part of the city, which, if continued, would constitute or afford any basis for an estoppel *in pais,* that may result in a cloud on its title, to the prejudice of its taxpayers, unless prevented by an action to quiet title. Consequently, as it does not affirmatively appear that any loss to the general taxpayers will follow or that their rights are in jeopardy in any manner, there is no basis or occasion for the plaintiff to institute such an action, as a taxpayer, and the demurrers to the complaint should have been sustained. As no demurrer has been filed to the city's cross-complaint and no notice of the appeals herein has been served on the city, the sufficiency of the facts alleged in its cross-complaint to constitute a cause of action maintainable by the city is not determined hereby.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order sustaining the demurrers to the complaint.