McCLUTCHEY, Appellant, vs. MILWAUKEE COUNTY and others, Respondents.

*September 8—December 2, 1941.*

For the appellant there were briefs by *Padway & Goldberg*, and oral argument by *David Previant,* all of Milwaukee.

For the respondents there were briefs by *Herbert J. Steffes,* district attorney, *O. L. O'Boyle,* corporation counsel, and *C. Stanley Perry,* assistant corporation counsel, and oral argument by *Mr. Perry.*

The following opinion was filed October 7, 1941:

FOWLER, J.   The plaintiff sues to enjoin payment of salary to the defendant Boncher, who is in the service of the county as "engineman in charge of maintenance" in the courthouse. The plaintiff sues solely in his capacity as a taxpayer of the county.   Boncher has been continuously in the service of the county as an "engineman" for over ten years.   The sole ground of the action is that his original appointment was illegal under the civil-service law applicable to the county and the rules established by the board charged with the administration of the law.   Coupled with the prayer for an injunction is a prayer that the defendant Sommers, the county treasurer, be adjudged to pay into the county treasury the amount of salary paid to Boncher during the entire term of his service. The latter claim, however, has been abandoned, and we are concerned only with the injunctional feature of the case.

We are of the opinion that the dismissal of the complaint was proper for the reason that under the facts involved a taxpayer's action does not lie.   It is fundamental that in order to maintain such an action the taxpayer and taxpayers as a class must have sustained or will sustain some pecuniary loss. *Kasik v. Janssen,* 158 Wis. 606, 149 N. W. 398; *Berger v.*

*Superior,* 166 Wis. 477, 166 N. W. 36; *Murphy v. Paull,* 192 Wis. 93, 212 N. W. 402; *Milwaukee Horse & Cow Comm. Co. v. Hill,* 207 Wis. 420, 241 N. W. 364; *Stuart v. Gilbert,* 215 Wis. 546, 255 N. W. 142. In *Milwaukee Horse & Cow Comm. Co. Case, supra,* p. 428 *et seq.,* this point is discussed at some length. It is there said that the only case in our court in which the action has been entertained when the plaintiff sustained no pecuniary loss is *Tyre v. Krug,* 159 Wis. 39, 149 N. W. 718, which is declared "out of line with every other taxpayer's action the maintenance of which has been sanctioned in this state, for the simple reason that no injury to taxpayers as such was present in the case," and is expressly overruled. It is obvious that the taxpayers have not sustained nor will sustain any pecuniary loss by continuance of Boncher in the position he is occupying. He is filling and has ever filled the position adequately. He has at all times filled it and is now filling it in a highly efficient and entirely satisfactory manner. Had he not been appointed some one else would have been appointed to the place, and the same salary paid to such appointee or appointees. Precisely the same salary would have been paid for the same service. If a mere public right is to be vindicated, or the evasion of law to be prevented by injunction, the action should be brought by the district attorney or some public officer or body especially charged with the duty of enforcing the law. If brought by a private person it must be pursuant to a statute especially empowering the private person to bring it under the circumstances existing. This action is brought merely to vindicate and prevent evasion of the civil-service law, and there is no statute authorizing a private person to bring such action.

The dismissal of the action being correct for the reason above stated, the judgment must be affirmed, regardless of the grounds of the decision laid by the circuit judge or the other contentions of counsel pro and con. *Gregory v.*

*Simpson,* 173 App. Div. 6, 159 N. Y. Supp. 1016, is cited in support of the proposition that a taxpayer's action will lie to enjoin payment of money to an employee on the ground that his appointment was illegal because violative of the civil-service statute applicable to cities in the state of New York, but the statute expressly gives the right of action to taxpayers irrespective of pecuniary loss to them. The case is without force as authority in absence of statutory authorization and none exists in this state.

*By the Court.*—The judgment of the circuit court is affirmed.

The following opinion was filed December 2, 1941:

FOWLER, J. (*on motion for rehearing*). A motion for rehearing is made, based on the contention that the instant case is ruled by *Johnson v. Milwaukee,* 147 Wis. 476, 133 N. W. 627. The *Johnson Case,* while cited in the appellant's brief, was not referred to in the opinion filed. It was not examined because cited in the synopsis of the brief to the point that the statute of limitations does not bar the action, and that point was not mentioned because the decision was based wholly on the point that the action is not a taxpayer's action.

On the proposition that the action is a taxpayer's action the *Johnson Case, supra,* is in direct conflict with the decision of this court in *Milwaukee Horse & Cow Comm. Co. v. Hill,* 207 Wis. 420, 241 N. W. 364, and should be disregarded for the same reason that the decision in *Tyre v. Krug,* 159 Wis. 39, 149 N. W. 718, was disregarded in the *Horse & Cow Comm. Co. Case,* viz., that it manifestly is not a taxpayer's action because the taxpayer is not pecuniarily affected and is in no different position from a citizen not a taxpayer. This point was not considered in the *Johnson Case.* The only question there raised by the appellant was that the action was *quo warranto,* and that was the only question considered

by the court. The case of *Butler v. Milwaukee,* 119 Wis. 526, 97 N. W. 185, considered by the court in the *Johnson Case* as ruling it, was decided on the express ground that the officer involved was expressly exempted from subjection to civil-service law by the terms of the statute creating that law. The point of no pecuniary interest was not considered by the court.

It is to be noted that the entertainment of the instant action is contrary to the holding of the court in the later case of *State ex rel. Elliott v. Kelly,* 154 Wis. 482, 143 N. W. 153. That case involved the payment to an officer of the city of Tomahawk. The city clerk refused to issue a warrant for his monthly salary on the ground, among others, that he was not qualified to hold the office because not a citizen of the state and his election to the office by the city council was therefore void. The court held that whether he was qualified, and whether his election was void, were immaterial, because he had performed the duties of the office, he was therefore a *de facto* officer, there was no other claimant to the office and he was entitled to the salary.

If the city clerk was not entitled to withhold a warrant for Elliott's salary certainly a taxpayer's action could not have been maintained to enjoin the clerk from issuing a warrant therefor or to enjoin the city treasurer from paying such warrant. And if action would not lie to enjoin payment of salary to a city officer because he was not qualified or improperly chosen, certainly such action does not lie to enjoin payment of the salary of one who is not an officer but only a county employee.

It is further to be noted that the instant case does not fall within the reason of the *Johnson Case, supra,* and is therefore not ruled by it because of the difference between the factual situations involved. In the instant case, the appointee Boncher, had taken a civil-service examination and was certified by the commission as eligible to appointment. If his appointment was void, its validity could be attacked by *cer-*

*tiorari* by anyone who had such interest as entitled him to attack it. The other persons on the certified list obviously had such interest as entitled them to make such attack. Their time to attack by *certiorari* was limited to the time in which appeal lies from a judgment. *State ex rel. Dalrymple v. Milwaukee County,* 58 Wis. 4, 16 N. W. 21; *State ex rel. Grotegut v. Wuensch,* 148 Wis. 218, 221, 134 N. W. 367. If it be granted that for extraordinary circumstances, *certiorari* might be granted after the time for appealing from judgments had expired, no extraordinary circumstances to warrant such issuing of the writ existed in this case. *Grotegut Case, supra.* If the time of the persons entitled to attack Boncher's original appointment by *certiorari* expired in the time appeal lies from judgments, such persons could not so attack it ten years after the appointment was made; and if such persons could not then attack it by *certiorari,* it is not conceivable that anyone else could then attack it in any other way.

The motion for rehearing is denied with $25 costs.