Gerald T. CARROLL, Janice A. Carroll and Allen D. Bune, Plaintiffs-Respondents, †

v.

TOWN OF BALSAM LAKE, Defendant-Appellant.

Court of Appeals

*No. 96–1143–FT. Submitted on briefs September 26, 1996.—Decided November 19, 1996.*

(Also reported in 559 N.W.2d 261.)

† Petition to review denied.

On behalf of defendant-appellant, the cause was submitted on the brief of *Bruce P. Anderson* and *Anderson & Schneider* of Balsam Lake.

On behalf of plaintiffs-respondents, the cause was submitted on the brief of *Matthew A. Biegert* and *Doar, Brill & Skow, S.C.* of New Richmond.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. The Town of Balsam Lake appeals a judgment ordering certain property in Polk County to be discontinued as a public highway, and granting the adjoining landowners quiet title.[1] The Town argues that the trial court misapplied § 80.32, STATS. We agree and therefore reverse.

The relevant facts are not in dispute. The landowners commenced an action seeking title to certain property through operation of § 80.32, STATS.[2] The

---

[1] This is an expedited appeal under RULE 809.17, STATS. This opinion will refer to the adjoining landowners, Gerald T. Carroll, Janice A. Carroll and Allen D. Bune, collectively, as the landowners.

[2] Section 80.32, STATS., provides in part:

Discontinuance of highways; reversion of title.

(1) Any unrecorded road or any part thereof which has become or is in the process of becoming a public highway by user in any town may be discontinued in the manner hereinbefore provided. Any proceedings taken therefor shall not be evidence of the acceptance at any time by the town of such road or any part thereof.

(2) Every highway shall cease to be a public highway at the expiration of 4 years from the time it was laid out, except such parts thereof as shall have been opened, traveled or worked within such time, and any highway which shall have been entirely abandoned

531

property in question consists of a portion of a platted road laid out in 1949 that runs from the end of a traveled section of the road to Deer Lake. The landowners are the adjoining property owners on either side of the property.

The record reflects that the landowners served the Town with certain requests for admission, which the Town failed to answer. Under such circumstances, the facts alleged in the request are deemed admitted. Section 804.11(1)(b), STATS. Thus, the following facts were accepted by the trial court:

1. The portion of the road [at issue in this case] was not . . . opened, traveled, worked, maintained or repaired within 4 years from the time it was laid out.

2. The road has been entirely abandoned as a route of travel for the past 5 years prior to the date of the filing of Plaintiffs' claim.

3. There has been no expenditure of funds on the road for the past 5 years prior to the date of the filing of Plaintiffs' claim.

4. There has been no resolution or ordinance of the Town of Balsam Lake or committee thereof to discontinue the road.

as a route of travel, and on which no highway funds have been expended for 5 years, shall be considered discontinued.

(3) When any highway shall be discontinued the same shall belong to the owner or owners of the adjoining lands; if it shall be located between the lands of different owners it shall be annexed to the lots to which it originally belonged if that can be ascertained; if not it shall be equally divided between the owners of the lands on each side thereof.

 Because the case involves the application of § 80.32, STATS., to an undisputed set of facts, we review the decision of the trial court de novo. *See Local No. 695 v. LIRC*, 154 Wis. 2d 75, 82, 452 N.W.2d 368, 371 (1990). Our primary purpose when interpreting a statute is to give effect to the legislature's intent. *Riverwood Park, Inc. v. Central Ready-Mixed Concrete, Inc.*, 195 Wis. 2d 821, 827; 536 N.W.2d 722, 724 (Ct. App. 1995).

Section 80.32(2), STATS., declares a public highway to be discontinued in two situations.[3] The first situation occurs when the highway has not been opened, traveled or worked within four years from the time it was laid out. The second situation occurs when the highway has been "entirely abandoned as a route of travel" and no highway funds have been expended on it for a period of five years. The trial court found both of these situations to be present.

 Section 80.32, STATS., codifies the common law right of reversion. *Heise v. Village of Pewaukee*, 92 Wis. 2d 333, 346, 285 N.W.2d 859, 865 (1979). When a statute merely codifies existing common law, cases interpreting the common law are persuasive in interpreting that section. Such a case exists here. *See Reilly*

---

[3] The parties do not discuss whether the property at issue in this case constitutes a public highway within the meaning of § 80.32, STATS. While ch. 80 does not define that term, § 990.01 (12), STATS., defines "highway" as including "all public ways and thoroughfares and all bridges upon the same." This definition applies to § 80.32 unless such a definition "would produce a result inconsistent with the manifest intent of the legislature." Section 990.01, STATS. We conclude that this definition applies to § 80.32.

*v. City of Racine*, 51 Wis. 526, 8 N.W. 417 (1881). Non-use of a public highway does not operate to discontinue property used as a public highway until such time as the property is required for actual public use, but is not in fact opened for such use. *City of Jefferson v. Eiffler*, 16 Wis. 2d 123, 113 N.W.2d 834 (1962). No abandonment will be found absent a manifest abuse of discretion by the public authority in charge in refusing to open the property. *Id.*

In *Reilly*, our supreme court considered property that, although laid out, was not yet required for public use. The court held that "[u]ntil the time arrives when any street or part of a street is required for actual public use . . . no mere *non-user*, of any length of time, will operate as an abandonment of it . . . ." *Id.* at 529, 8 N.W. at 418 (emphasis in original). The stated reason for this rule is to allow municipalities a "chance of growth commensurate with the public necessity, which will not be lost by mere lapse of time . . . ." *Id.* at 530, 8 N.W. at 418; *see also Klinkert v. City of Racine*, 177 Wis. 200, 188 N.W. 72 (1922). Thus, only "[a]fter such time arrives when the public use requires it, and the public authorities may be properly called upon to open a street or part of a street to the public use, then negligence and unreasonable delay in opening the same may work an abandonment of it by *non-user*." *Reilly*, 51 Wis. at 530, 8 N.W. at 418 (emphasis in original).

The *Reilly* holding was reaffirmed in *Jefferson*, involving property that had been laid out by the municipality but whose use was not yet required by public demand. The court stressed that:

> The common council is the judge of the public necessity for opening up its streets and alleys and as to whether any public convenience or use will be sub-

served thereby. The public use is the dominant interest, and the public authorities are the exclusive judges when and to what extent the street shall be improved.

*Jefferson*, 8 N.W. at 132, 113 N.W.2d at 839 (footnote omitted). Thus, only when the municipality acts with a "manifest abuse of discretion" by failing to open a public street when public use so requires will the street cease to be a public highway. *Id.*

The landowners argued to the trial court that because the facts contained in their request to admit are established, the contested property ceases to be a public highway and the property shall be divided equally among the landowners pursuant to § 80.32(3), STATS. The Town asserted that the case law interpreting § 80.32 declares that that section does not operate to discontinue a highway until public use requires the opening of the highway but the highway is not in fact opened. The Town presented evidence to support its claim that public use of Deer Lake had not yet expanded to the point where opening the platted road was required. The trial court applied the Town's admissions to § 80.32, STATS., and entered judgment for the landowners. The Town now appeals.

We conclude that *Reilly* and *Jefferson* are controlling. We recognize that the rule espoused in those cases is not explicitly contained in the language of § 80.32, STATS. However, both cases have been cited with approval by our supreme court when interpreting that section. *See Heise*, 92 Wis. 2d at 351-52, 285 N.W.2d at 867 ("the *Reilly* rationale applies"). This court is bound by the decisions of the Wisconsin Supreme Court. *State v. Clark*, 179 Wis. 2d 484, 493, 507 N.W.2d 172, 175 (Ct. App. 1993).

█ Furthermore, the general rule is that the legislature is deemed to know the law and acquiesces in a court's statutory interpretation if it does not change the statute. *Salerno v. John Oster Mfg. Co.*, 37 Wis. 2d 433, 441, 155 N.W.2d 66, 70 (1967). "Although the presumption of legislative adoption or ratification of a judicial construction of a statute is entitled to less weight when the court's construction is followed by nearly complete inaction on the part of the legislature with respect to the statute construed," *Reiter v. Dyken*, 95 Wis. 2d 461, 471, 290 N.W.2d 510, 515-16 (1980), this rule does not apply here. *Reilly* was issued in 1881 and *Klinkert* in 1922. The legislature has amended § 80.32, STATS., and its predecessor statute numerous times since those decisions, the last time in 1945. However, the legislature has not amended that section in any manner that could be construed as an attempt to modify those holdings. The legislature is therefore deemed to have intended the construction of § 80.32, STATS., as interpreted by *Reilly*, *Klinkert*, and *Jefferson*.

█ We therefore hold that reversion does not occur under § 80.32(2), STATS., until the property is required for public use, and public authority in charge acts with a manifest abuse of discretion in refusing to open the property. The Town presented the uncontroverted testimony of David Berglund, chairman of the Town of Balsam Lake, who testified that the Town had to that date no need for public access to Deer Lake. Berglund observed that there already exists public access to Deer Lake from property located in St. Croix Township and that the Town kept the disputed property "in case it is needed in the future" for public access.

The landowners argue that both *Reilly* and *Jefferson* are inapplicable because a private entity platted and conveyed the land to the Town of Balsam Lake. They cite no authority to support their assertion, and we consider it a distinction without a difference. Further, *Klinkert* involved a private plat accepted by the municipality and held:

> The acceptance of a plat by the city does not require that it shall open all the streets and alleys for immediate use, and failure to use or occupy the same until the necessity arises does not abandon the public right.

*Id.* at 204, 188 N.W. at 73.

*By the Court.*—Judgment reversed.